# 𝔖taunton

## COMMONWEALTH PUBLIC SERVICE CORP. v. TOWN OF BLUEFIELD.

September 11, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

84

The opinion states the case.

*Robert O. Crockett* and *A. G. Fox,* for the plaintiff in error.

*Carl C. Gillespie* and *N. Clarence Smith,* for the defendant in error.

Holt, J., delivered the opinion of the court.

One J. B. Lawrence fell into an open ditch in the town of Bluefield and was hurt. For the injuries so suffered he brought an action against that municipality, charging negligence, and recovered a judgment which the town has paid. The town claims that as against this Public Service Corporation it is subrogated to the rights of Lawrence. Hence this action. Litigation rests upon these pertinent facts:

It, under a franchise given and accepted, has the right to lay gas mains in the streets of Bluefield, and to dig such ditches therein as might be necessary. This right is hedged about by these franchise provisions:

"SECTION 3. The excavating for and laying of such pipes, conduits, mains, etc., shall be subject to the reasonable control and approval of the Town as to location and method of doing the work, and all streets, alleys, and public ways shall be promptly repaired and restored to as good condition as before disturbed."

"SECTION 5. The Grantee shall protect and guard all excavations and obstructions caused by it in said streets, alleys, and public ways, and shall indemnify and save the Town harmless from all loss and liability on account thereof. The liability of the grantee hereunder is limited to such claims and suits of which the grantee has received reasonable notice, and has had an opportunity to investigate and. defend."

"SECTION 12. The Grantee, its successors or assigns, of this franchise shall at all times fully indemnify, protect and save harmless the said Town of Bluefield, Virginia, and all of its citizens, against all accidents, claims; suits and damages, and charges, and against all loss and necessary expenditures arising from the negligence of said Grantee, in the use or maintenance of any and all pipes, mains, appliances and fixtures to be laid, extended or maintained by the Grantee, its successors or assigns, under, along or across any of the streets of the said Town that may result in injury to persons or property of any one by reason of the exercise of the Grantee, of

any of the rights granted hereby. The liability of the Grantee hereunder is limited to such claims and suits of which the Grantee has received reasonable notice and has had an opportunity to investigate and defend."

A casual reading of them tells us what this Public Service Corporation must do. "All streets, alleys and public ways shall be promptly repaired and restored to as good condition as before disturbed." It is liable in damages for failure to do this and from accidents occasioned by its failure it must indemnify and save harmless the town of Bluefield. It is conceded that a ditch was dug and that into it Lawrence fell. We are to ascertain if this street so dug up was ever restored to "as good condition as before disturbed."

There has been a verdict and judgment for the plaintiff. Under familiar rules they must stand unless plainly wrong or without evidence to support them. Are they adequately supported? Under rules equally familiar we look primarily to that evidence which tends to their support and not to such as discredits them. The issue is one of fact and the weight given to a verdict confirmed by a judgment has long been settled. It would be unfruitful to review authorities in support of an admitted proposition.

That the jury did pass directly upon this issue is made plain by the fact that it was told to do so in instructions tendered and given both on behalf of the plaintiff and on behalf of the defendant.

Construction here was rather difficult. There was solid rock which had to be blasted away. One can not demand the impossible, and this solid rock could not be replaced, but it was the duty of the Public Service Corporation to comply with its obligation as near as may be and to do the best it could. This ditch was completed in July, 1930, and was about four feet deep. A four inch gas pipe was put in and then "loose dirt and there was a few small stones put in there. Soon afterwards there was a rain there and it all washed right into Main Street." The company was told of this and sent "two men and had it filled up, and they filled it up with practically all loose dirt again." This loose dirt again washed away and

was gone by winter. Such is the plaintiff's testimony as to restoration and its character. Lawrence was hurt in the summer of 1931. After he was hurt the company again filled in this ditch and that work then done has stood.

The company claims that it did a good job in the beginning, that the ditch was filled in with rock which had been blasted from it and was surfaced over with earth well tamped down. There is evidence to show this and to show that the street was restored as nearly as possible to its original condition, which if accepted relieved the company from further obligations.

■ If we were to concede that the weight of the evidence is with the gas company, the verdict might still stand. Conflicts like this are for the jury to settle and not for us.

What might the jury have believed? It might have believed that the grade was steep, that the cut was filled in with loose earth which promptly washed away, that it was again filled with loose earth which also washed away, and was never properly filled until after the accident. It was fair for it to assume that if the work done before the accident had been properly done it would have stood as has stood that done since it occurred, and that it was possible to make a permanent restoration at this point of the disturbed surface.

■ We can not say that the verdict is without evidence to support it and we can not say that there is anything inherently improbable in that testimony noted and relied upon by the plaintiff. This assignment of error is not well taken.

Is there reversible error in any instruction given or refused?

Instruction No. 4, tendered on behalf of the defendant and rejected, told "the jury that the burden is on the plaintiff to establish by a preponderance of the evidence that any injury suffered by Joe B. Lawrence was caused by the negligence of the defendant."

■ This instruction might properly have been given but failure to give it was not reversible error. The jury had already been properly instructed on that point, Plaintiff's Instruction P-2.

■ Instruction No. 6, tendered on behalf of the defendant, was also rejected. It in substance told the jury that the town

could not recover if the town's conduct in any way contributed to the injury suffered by Lawrence. That the town's negligence did contribute to it is concluded by the former judgment, *Richmond* v. *Sitterding*, 101 Va. 354, 43 S. E. 562, 65 L. R. A. 445, 99 Am. St. Rep. 879. Of course it was the town's duty to keep its streets in a reasonably safe condition. If this were a case of primary negligence the town would have no standing, but here it is derivative. *Sawyer* v. *City of Norfolk*, 136 Va. 66, 116 S. E. 245; *Waynesboro* v. *Wiseman*, 163 Va. 778, 177 S. E. 224. And while the former judgment concludes the question of negligence as between the town and Lawrence, it left the matter open as to the Public Service Corporation. That corporation might have had nothing whatever to do with the digging of the ditch. It did however dig it and under a franchise given and accepted it promised to properly restore the surface of this torn up street. Its failure has been established. What then is the situation? Can the Public Service Corporation say to the town, "I dug this ditch and carelessly filled it in. Loose earth carelessly put in by me washed away and since it is your duty to keep your streets in reasonably safe condition you should have made the necessary repairs." The town might answer, "This may be true as to Lawrence, and for our failure judgment has gone against us, but you yourself promised us to make proper repairs and to answer to us in damages if you did not. It does not lie in your mouth to complain of our failure to do that which you had promised to do for us."

If this were not true, the obligations which the Public Service Corporation assumed when it accepted its franchise would amount to nothing. Complaint is made because the town refused to compromise the Lawrence claim. The town believed that that claim was unjust. This appears to have been the view of the defendant here. That there was fair reason for this view is made manifest by the fact that the Lawrence judgment was on appeal affirmed by a divided court.

There is but one issue in this case. If the injury suffered by Lawrence was due to the negligence of the Public

Service Corporation, and if that negligence has been ascertained by a jury under proper instructions, no other judgment could properly have been rendered. There are other assignments of error but this case turns upon those which we have considered. The recovery properly included the Lawrence judgment and reasonable expenses incurred in contesting his claim. Plaintiff in error had notice of the Lawrence claim and was present by counsel at the first trial.

The judgment of the court below must be affirmed, and it is so ordered.

*Affirmed.*