**GENERAL ELECTRIC COMPANY**
v.
**MASON & DIXON LINES, INC.**
Civ. A. No. 892.

United States District Court,
W. D. Virginia,
at Roanoke.
July 14, 1960.

Gentry, Locke & Rakes, Roanoke, Va., John H. Doughty, Knoxville, Tenn., for General Electric Co.

John H. Thornton, Jr. (of Woods, Rogers, Muse & Walker), Roanoke, Va., and Duke Duvall, Oklahoma City, Okl., for Mason & Dixon Lines, Inc.

DALTON, District Judge.

This proceeding is a sequel to the case of General Electric Company v. Kelly C. Moretz and Mason & Dixon Lines, Inc., decided September 16, 1959, by the United States Court of Appeals, Fourth Circuit, reported in 270 F.2d 780, in which a petition for rehearing was filed October 12, 1959, and denied November 25, 1959 (272 F.2d 624), and in which *certiorari* was applied for and refused in the United States Supreme Court, 361 U.S. 964, 80 S.Ct. 593, 4 L.Ed.2d 545.

Mason & Dixon Lines, Inc., has complied with the mandate of the Circuit Court and has paid to General Electric Company the full amount of the judgment of $35,000, plus accrued interest and taxable costs, amounting to a total of $38,678.46, which covers in full the judgment as awarded by the mandate of the United States Court of Appeals, Fourth Circuit.

The question now to be determined is whether Mason & Dixon Lines, Inc.,

should also be required to pay the attorneys' fees and expenses incurred by General Electric in the representation of GE's interests throughout this litigation.

Petitions have been filed by Messrs. Gentry, Locke & Rakes of Roanoke, Virginia, and by John H. Doughty, Esq., of Knoxville, Tennessee, attorneys for General Electric Company, seeking the allowance of counsel fees aggregating $17,500, plus $590.54 expenses, total $18,090.54.

Mason & Dixon Lines, Inc., who has been represented throughout the litigation by John H. Thornton, Jr., Esq. (of the firm of Woods, Rogers, Muse & Walker, Roanoke, Virginia), and Duke Duvall, Esq., of Oklahoma City, Oklahoma, deny any liability to pay GE's attorneys' fees and expenses, and thus the issue is joined, which is an issue solely for determination by the Court.

A brief (and probably overly simplified) recital of the factual situation is this:

Moretz, a truck driver for Mason & Dixon, in the course of his employment, was driving a tractor-trailer of his employer, which, because of faulty loading by GE, overturned and injured Moretz. Moretz filed suit against GE, whereupon GE answered denying liability and also brought in Mason & Dixon by a third-party complaint. The result of this litigation was a $35,000 jury verdict for plaintiff against GE, and an affirmative answer by the same jury to an interrogatory saying Mason & Dixon was guilty of negligence, and the end result set forth in the United States Court of Appeals mandate was that "the case is remanded with directions to enter a judgment against Mason & Dixon in favor of General Electric for the amount of the judgment entered against General Electric in accordance with the jury's verdict." [270 F.2d 791].

The petition for allowance of counsel fees is based on the theory of an implied contract of indemnity.

There is no authority of statutory law in the Commonwealth of Virginia for the allowance of attorney's fees in a case of this type, and so far as the Court is able to determine, there is no Federal statute other than 28 U.S.C.A. § 1923 for the allowance of attorney's fees to the winning plaintiff, and the particular statute referred to provides for a taxable attorney's fee of $20.

Therefore, the question of the allowance of petitioners' claim for attorneys' fees and expenses in this proceeding is to be determined by the text books and the case law on the point, and in the determination of this problem, it seems to the Court that four questions are posed:

(1) Does the indemnitee generally have the right to recover attorneys' fees in an indemnity case?

(2) Is there a distinction between the right of recovery on an implied contract of indemnity as distinguished from a written or express contract of indemnity?

(3) Does the recovery of attorneys' fees extend to the legal services rendered in the proof and recovery of the indemnity?

(4) Does the timeliness of the demand affect the right of recovery?

### The Text Books.

At the outset, it is to be noted that the English rule of allowing attorney's fees to be taxed as costs is not followed as a general rule in America.

■ A fair statement of the general law applicable is set forth in two leading authorities as follows:

In 27 Am.Jur., Indemnity § 27, the following statement is found:

"Reasonable counsel fees which have been incurred in resisting the claim indemnified against may be recovered as a part of the damages and expenses when an action is brought to recover indemnity either upon a right of indemnity implied by law or arising under a contract."

In 42 C.J.S. Indemnity § 24:

"*Interest, fees, costs, and expenses.* Where a person is obliged to defend against the act of another,

against whom he has a remedy over, he may, if such other has notice of the suit and an opportunity to defend, hold him liable not only for the amount of damages recovered against himself and which he is compelled to pay, together with interest thereon, but also for all reasonable and necessary costs and expenses incurred in such defense, including attorney's fees.

"While there is some authority to the contrary, it has been held that where it does not appear that the indemnitor was notified of the action against the indemnitee, and had not participated in such action, the measure of the indemnitee's damage against the indemnitor is limited to the amount which he has paid on the judgment recovered against him, together with interest thereon, and does not include the costs and expenses of defending the action; nor can such costs and expenses be recovered where it does not appear that the defense was solely against an act of the indemnitor. The indemnitee cannot recover over the costs of an appeal which is taken by him at his own instance."

The Case Law.
4th Circuit.

In the case of Rolax v. Atlantic Coast Line R. Co., 4 Cir., 1951, 186 F.2d 473, 481, in which Judge Parker wrote the opinion, it was held that the allowance of counsel fees in a reasonable amount was a matter for the sound discretion of the Court, but there is a qualification in the opinion which reads:

" * * * Ordinarily, of course, attorney's fees, except as fixed by statute, should not be taxed as part of the costs recovered by the prevailing party; but in a suit in equity where the taxation of such costs is essential to the doing of justice, they may be allowed in exceptional cases * * * ".

2nd Circuit.

The case of Shannon v. United States, 2 Cir., 1956, 235 F.2d 457, 459, (which this Court views as somewhat controlling in this decision) holds:

M. P. Smith & Sons, a Stevedore concern, employer, contracted to do rigging on a ship owned by the United States. An employee of Smith was injured by reason of a defective cable and brought suit against the United States Government. The Government paid $11,000 by way of compromise settlement to the employee, Shannon, and thereupon the Government sought to recover from M. P. Smith & Sons upon the theory of an implied contract of indemnity, the opinion reciting:

"For Smith had expressly agreed with the owner to 'rig and unrig the ship's gear' which Smith used. That agreement, we think, included, as a promise implied in fact, the following: If Smith knew of a defect in any such gear, Smith would either remove the defect or notify the owner. This express undertaking constituted an agreement to indemnify the owner for any loss resulting from a breach by Smith".

Held:

"The government is therefore entitled to recover from Smith the amount it paid him, together with its reasonable attorneys' fees and reimbursements in preparing to defend against Shannon's claim."

The decision in the Shannon case seems to resolve one of the questions that has disturbed the Court in this case, namely: Is there a distinction between a written contract of indemnity for attorneys' fees and expenses and an implied contract of indemnity?

This decision, which incidently is cited with approval in the case of A/S J. Ludwig Mowinckels Rederi v. Commercial Stevedoring Co., 2 Cir., 1958, 256 F.2d 227, seems to indicate that no such distinction is made by the Courts. We therefore proceed on the assumption that if one is entitled to be indemnified, then in such event an implied contract of indemnity has the same legal status as a written contract of indemnity.

Continuing, it is to be noted that in the case of A/S J. Ludwig Mowinckels v. Commercial Stevedoring Co., above referred to, there was an indemnification contract between Mowinckels and Commercial under which Commercial undertake to perform all stevedore operations for Mowinckels at the port of New York. The contract provided that Commercial should be responsible for all damages, injuries, etc. Amadore, an employee of Commercial was injured and sued the Mowinckels shipping concern. The Court of Appeals held that the ship owner was liable to the employee, and Mowinckels, after payment to the employee, sought indemnity from the Commercial Steve. Co., which indemnity was allowed and the Court stating [256 F.2d 232]:

> "Mowinckels is entitled to recover not only the amount paid Amadore (employee), but also its reasonable attorneys' fees, costs, and expenses in defending against his claim. Shannon v. United States, 2 Cir., 235 F.2d 457, 459."

### 5th Circuit.

A relatively recent case on this subject is reported from the 5th Circuit, B. & G. Electric Co. v. G. E. Bass & Co., 5 Cir., 1958, 252 F.2d 698. Here the situation was that an injured employee of subcontractor, B. & G. Electric Co., sued G. E. Bass & Co., prime contractor. There was an indemnity provision to the effect that the subcontractor should indemnify the contractor from loss caused by negligence of the subcontractor, etc. The contract was silent as to attorneys' fees. The Court held that the prime contractor was not guilty of negligence, and in holding the subcontractor liable, the Court required the subcontractor to also pay the attorneys' fees of the prime contractor, Bass, on the theory that there was an indemnity clause in the contract requiring the subcontractor to reimburse Bass "any expense"—the Court holding that any expense embraced attorneys' fees under the indemnity provision.

### 6th Circuit.

In the case of General Accident Fire & Life Assur. Corp., Ltd. v. Smith & Oby Co., 6 Cir., 1959, 272 F.2d 581, an employee, McNulty, of subcontractor, Smith & Oby, was injured by the negligence of Ferguson, and sued Ferguson for damages. An indemnity contract existed to the effect that the subcontractor did indemnify Ferguson from all losses for injuries, etc. Smith & Oby refused to defend the suit and General Acc., Ferguson's insurance carrier, took up the defense. Settlement was made during the trial under which General Acc. paid McNulty. General Acc., subrogated to the rights of Ferguson, sought indemnification from Smith & Oby, which was denied by the District Court, 148 F.Supp. 126, but allowed by the Court of Appeals, and on the question of attorneys' fees held [272 F.2d 586]:

> "The indemnity agreement provides for the payment of expenses and it seems obvious that liability on the agreement carries with it costs and attorney fees as well as the amount of the settlement."

### 3rd Circuit.

Again in the case of Frommeyer v. L. & R. Const. Co., Inc., 3 Cir., 1958, 261 F.2d 879, 881, 69 A.L.R.2d 1040, the 3rd Circuit allowed the recovery of attorneys' fees and expenses, although the decision in this case was influenced by contract and the state law.

> "In awarding damages the trial court, hearing the case without a jury, awarded $5,000 in attorney fees to Wortmann as part of the expense of defending the Frommeyer action. This award is alleged by the appellant, L & R, to be erroneous. It says that under the law of New Jersey attorney fees cannot be recovered and cites a rule of court and numerous New Jersey decisions for that conclusion. (citation omitted)
>
> "We think the appellant is confused in making this argument. It is true that, in general, when A sues B and recovers, A's attorney fees are not part of the recovery either as an item of damages or as taxable costs. McCormick, Damages § 61 (1935);

Textileather Corp. v. American Mutual Liability Insurance Co., 1933, 110 N.J.L. 483, 166 A. 214. See N.J.Rules 4:55–7.

"But this case does not involve the above well-settled proposition. If, in our case above put, B is under obligation to hold A harmless from claims of C, but fails to do so, then A having defended himself against C's claim may recover, as part of his damages in a suit against B, what he has had to pay out because of B's failure to perform his contract. This includes what A has had to pay his lawyer as well as other expenses.

· "This is a general rule and finds expression in New Jersey cases and in federal decisions also. See McCormick, Damages § 66 (1935)." (Footnotes omitted)

District Court of West Virginia.

A case somewhat in point is the District Court case of Chesapeake & Ohio Railway Co. v. Bailey Production Corp., D.C.S.D.W.Va.1958, 163 F.Supp. 666, 671, which involved a written indemnity agreement silent on the question of attorneys' fees. In the course of imposing liability upon the indemnitor, the Court said:

"  *   *   *   there can be no doubt of an indemnitee's right to recover from an indemnitor reasonable counsel fees and costs incurred in resisting a liability indemnified against. 27 Am.Jur., Indemnity § 27; 42 C.J.S. Indemnity § 13d."

Virginia Decisions.

We have given consideration to the substantive law of the State of Virginia with particular attention to the case of Commonwealth Public Service Corporation v. Town of Bluefield, 1936, 167 Va. 82, 187 S.E. 521. Here the Town of Bluefield recovered against the public utility company the amount that it had been required to pay by way of damages to a claimant who was injured in a gas main ditch and also *attorneys' fees*, but this was based on a written indemnity agreement, although attorneys' fees were not specifically mentioned in the indemnity agreement. The eminent and distinguished Judge Buchanan, then of the trial court, found that the language was broad enough to cover all expenses including attorneys' fees, which was affirmed by the opinion of Justice Holt, above cited. ·

A quite recent Virginia case of Hiss v. Friedberg, 201 Va. 572, 112 S.E.2d 871, 875, after reciting the general rule against recovery of attorneys' fees, notes the exceptions to the rule.

"But there are various exceptions to and modifications of this rule. It is generally held that where a breach of contract has forced the plaintiff to maintain or defend a suit with a third person, he may recover the counsel fees incurred by him in the former suit provided they are reasonable in amount and reasonably incurred. Corbin on Contracts, Vol. 5, § 1037, pp. 190, 191; Sedgwick on Damages, 9th Ed., Vol. 1, § 240, p. 480 ff.; Restatement of the Law, Contracts, Vol. 1, § 334, p. 531; 15 Am. Jur., Damages, § 144, pp. 552, 553.

"The rule is thus stated in Corbin on Contracts, supra, Vol. 5, § 1037, pp. 190, 191: 'Among the losses suffered by a plaintiff because of the defendant's breach of contract may be the expenses of litigation. Such expenses are losses suffered by reason of the defendant's breach;  *  *. They are affirmatively subtracted from the plaintiff's wealth, and are not expected gains from performance of the contract that have been prevented. If the plaintiff can show that the defendant's breach of contract has caused litigation involving the plaintiff in the payment of counsel fees, court costs, and the amount of a judgment, and shows further that such expenditure is reasonable in amount and could not have been avoided by him by reasonable and prudent effort, he can recover damages against the defendant measured by the amount of these expenditures.

The rule just stated does not deal with the cost of litigation with the defendant himself.' "

■ By reason of the foregoing authorities, this Court takes the view that:

(1) Basically, the indemnitee does have the right to recover attorneys' fees in an indemnity case.

(2) The right of recovery is not dependent upon a written or express contract of indemnity but also is applicable to an implied contract of indemnity.

(3) The allowance of attorneys' fees should be limited to the defense of the claim indemnified against and does not extend to services rendered in establishing the right of indemnity. It is fundamental that there should be no recovery for attorneys' services and expenses incurred in establishing the right of indemnity.

(4) Finally, the question arises as to the timeliness of the demand for attorneys' fees. No mention or demand for attorneys' fees and expenses was made either in the District Court or the Court of Appeals until after the case was heard in the Court of Appeals. To the District Court it would seem better practice in a case of this kind for the demand to have been made both in the District Court and the Court of Appeals during the progress of the case in order that this question could have been considered and resolved along with the question of determining primary responsibility and before the mandate came down.

■ However, we do not find any authority of law to the effect that the indemnitee is precluded from making such demand subsequent to the consideration of the case by the Court of Appeals, and it is our thinking that if we proceed on the premise that there is a right of recovery for reasonable attorneys' fees and expenses in an implied contract of indemnity that it should then be discretionary with the District Court to consider the application when made (as in this case) prior to the time that the case is finally concluded. Quite true, the mandate of the Court of Appeals does fix the

attorneys' fees on a subrogation claim, and does apparently limit the judgment against the Mason & Dixon Lines to the amount of the jury's verdict and the costs of appeal, yet it would appear from the record that the question of GE's attorneys' fees and expenses was not considered. Therefore, it is the view of the District Court that, notwithstanding the lateness of the demand, there at this stage exists the basic right to recover reasonable attorneys' fees and expenses in the defense of a tort claim for which indemnity is provided, and acting under the discretionary and inherent rights of the Court, it will be considered by the Court that the petition has been timely filed.

### The Amount.

■ It has not been easy for the District Court to reach the conclusion that attorneys' fees and expenses should be allowed under the peculiar circumstances of this case. It is to be noted that GE's attorneys first proceeded earnestly to defend the case on its merits, doubtless thinking that plaintiff, Moretz, was seeking to hold GE liable for primary negligence; that GE's attorneys later brought in the Mason & Dixon Lines, who appeared by counsel, working in good faith, and counsel for both defendants sought to escape liability entirely and, in the alternative, to hold down the recovery. After Mason & Dixon was made a third-party defendant, it appears that their counsel worked diligently, sought to effect a compromise, and obtained from Moretz's counsel an offer to settle the case for $15,000, and Mason & Dixon offered to contribute to a settlement on this basis, to which GE would not agree; that counsel for both GE and Mason & Dixon were each working in good faith toward the protection of the respective interests of their clients; that there existed between counsel honest differences of opinion as to the liability of their respective clients, and thus the case was fought at arm's length through the District Court and the Court of Appeals. No mention or demand for attorneys' fees and expenses was made either in the District

Court or the Court of Appeals during the progress of the case. Had the District Court been advised that the defense of GE was for the benefit of Mason & Dixon, and that indemnity would be sought, then doubtless Mason & Dixon would have been allowed a freer hand to not only develop contributory negligence but also to contest the amount of damages. It would not seem fair or equitable under the circumstances of this case to place an undue burden in amount on Mason & Dixon by way of attorneys' fees and expenses under the implied contract of indemnity. It would hardly seem fair to permit GE, working and fighting in conjunction with Mason & Dixon, to say that it refused to enter into a compromise settlement by paying $7,500 of the proposed offer, and to take the position that it need not worry about what the case would finally cost, and then to seek attorneys' fees from the losing party in an amount in excess of what the case could have been settled for in the first instance.

At best, the consideration of the allowance of attorneys' fees and expenses should be approached on the basis of what real services were performed by GE's attorneys and the benefit of such services to Mason & Dixon. The benefit to Mason & Dixon in this case apparently was of doubtful or little value. In the cases above cited, wherein there was a recovery of attorneys' fees, it will be noted that in most instances the indemnitee was required to supply and did supply the entire legal defense. One cannot consider any claim for legal services in prosecuting the claim for indemnity. We should in fairness and equity allow only what the Court feels would be reasonable and just under the circumstances.

There is no yardstick or formula by which attorney's fees may be measured or determined with definiteness. Even in a partition suit, or a guardian ad litem service, wherein the Court must determine and assess a reasonable attorney's fee, it is admittedly difficult.

We should bear in mind that in this case Mason & Dixon was represented almost from the beginning by able counsel of their own choosing, and thus Mason & Dixon did not "wash their hands" of the controversy.

The only course here to follow is to seek to place the amount at what to this Court appears to be a fair, just and reasonable compensation, taking into consideration the services performed, the benefits to Mason & Dixon, and all the facts and circumstances of the case as disclosed by the record.

Upon this, it is the opinion of the Court, after full and painstaking study, that counsel for GE should be allowed a total sum of $3,000 as attorneys' fees, and the total sum of $500 expenses.

Copies of this opinion are this day being mailed to counsel of record.