## Richmond

## RICHARDSON-WAYLAND ELECTRICAL CORPORATION
### v.
## VIRGINIA ELECTRIC AND POWER COMPANY

August 31, 1978.

Record No. 770534.

Present: All the Justices.

Robert W. Lewis (Lewis, Wilson, Cowles, Lewis & Jones, Ltd., on brief) for plaintiff in error.

R. Kenneth Wheeler (Douglas W. Davis; John Charles Thomas; Dillard C. Laughlin; Hunton & Williams; Phillips, Kendrick, Gearheart and Aylor, on brief) for defendant in error.

CARRICO, J., delivered the opinion of the Court.

This appeal involves an indemnity clause contained in a contract between Virginia Electric and Power Company and Richardson-Wayland Electrical Corporation for the performance by Richardson-Wayland of certain work on VEPCO facilities. In the court below, these two parties were co-defendants in an action brought by James L. Taylor and Marie L. Taylor for damage to their home from a fire allegedly caused by the negligence of VEPCO and Richardson-Wayland in repairing the electrical lines to the home.

In the Taylor proceeding, VEPCO filed a cross-claim against Richardson-Wayland to recover under the indemnity clause for "all sums which may be adjudged" against VEPCO in the Taylor action. Later, VEPCO and Richardson-Wayland settled the Taylor claim for $70,000, with each defendant paying half. Then, for purposes of disposition of VEPCO's cross-claim, VEPCO and Ri-

chardson-Wayland stipulated that the trial court should consider the matter as though a jury verdict had been returned jointly against both defendants for their "active" and "joint" negligence in causing the Taylor fire.

Rejecting Richardson-Wayland's contentions that the indemnity clause was inapplicable or was invalid because contrary to public policy, the trial court awarded judgment against Richardson-Wayland both for the $35,000 VEPCO had contributed to the Taylor settlement and for the amount VEPCO had expended in attorneys' fees and costs for defense of the Taylor claim.

The contract between VEPCO and Richardson-Wayland, in effect at the time of the Taylor fire, contained this indemnity clause:

> "[Richardson-Wayland] hereby agrees to indemnify and save harmless VEPCo from and against all liability for injury or death to persons and damages to property sustained by any person or corporation whatsoever in any manner arising out of or resulting from or caused by or in connection with any work performed hereunder or under any designation by VEPCo, but nothing herein shall be construed as making [Richardson-Wayland] liable for any injuries, death or damages caused by the sole negligence of VEPCo . . . ."

Richardson-Wayland contends first that the indemnity clause should be construed to make it inapplicable "in situations where the concurrent negligence of VEPCO is involved." The language purporting to indemnify VEPCO against its own negligence is not explicit and clear, Richardson-Wayland argues, and thus the clause is insufficient to afford VEPCO protection where the damages incurred are a result of VEPCO's concurrent negligence.

■ We agree with VEPCO, however, that, when the clause is read as a whole and effect is given to the undertaking to indemnify against "all liability" except for damages resulting from VEPCO's "sole negligence," it is clear that the clause was intended to apply "in situations where the concurrent negligence of VEPCO is involved." Accordingly, we reject Richardson-Wayland's contention. *See Nogacz* v. *Procter & Gamble Manufacturing Co.*, 37 Ill. App. 3d 636, 649, 347 N.E.2d 112, 121-22 (1976).

■ This brings us to the real issue in the case, *viz.*, whether the indemnity clause is invalid because contrary to public policy.

Richardson-Wayland contends that public policy prohibits a public utility such as VEPCO from contracting against liability for its own negligence in the performance of the duties imposed by its public franchise. Conceding that a public utility, in its private capacity, may contract against liability for its own negligence, Richardson-Wayland argues that the time of loss for which indemnification is sought, rather than the time of contracting against liability, is the "focal point" for determining whether a public utility occupies a private or a public status with respect to the loss.

At the time of the loss in this case, Richardson-Wayland asserts, VEPCO was acting in its public capacity, performing a duty imposed by its franchise, viz., restoring electrical service to the home of the Taylors, as members of the public. VEPCO was actively negligent in the performance of this duty, Richardson-Wayland maintains, and, accordingly, is prohibited from invoking the indemnity clause to shift responsibility for its own negligence.

On the other hand, VEPCO contends that a power company is prohibited from contracting against liability for its own negligence only when it occupies a public status, viz., where the company is "dealing with" a member of the public in the rendition of its services. Thus, VEPCO asserts, when acting in its private capacity, a power company is not prohibited from indemnifying itself against liability for damages connected with work performed under an agreement with an independent contractor.

At the time it entered into the contract in question, VEPCO maintains, it was acting in its private capacity; it was not then "dealing with" a consumer of its product or services; neither party was obligated to enter into the contract; the parties stood on equal footing; and each party could impose any condition the other was willing to accept, including the indemnity clause now in dispute. Accordingly, VEPCO asserts, it occupied the same private status as the transportation company whose contract against liability for its own negligence was upheld in C. and O. Ry. Co. v. Telephone Co., 216 Va. 858, 224 S.E.2d 317 (1976).

Furthermore, VEPCO argues, it has not attempted to exempt itself from liability to members of the consuming public; indeed, it settled the Taylors' claim. It seeks only indemnification in its

private relationship with an independent contractor, VEPCO says, and contracts of indemnification are "more favored in law."

For the purposes of decision, we can agree with VEPCO that a power company enjoys the same general privilege as a transportation company, when acting in its private capacity, to contract against liability for its own negligence.[1] But, "although a transportation company may occupy a private status at the time it attempts to relieve itself from liability, the attempt is ineffectual with respect to subsequent injury to one to whom it owes a duty as a common carrier." *Southern States* v. N.&W. Railway, 219 Va. 191, 247 S.E.2d 461 (1978). Because "[p]ublic policy forbids it," common carriers and other public service companies, including power companies, may not contract against liability for the breach of public duties. *Johnson's Adm'x* v. R. & D. R.R. Co., 86 Va. 975, 978, 11 S.E. 829, 829-30 (1890); *Fairfax Gas & Supply Co.* v. *Hadary*, 151 F. 2d 939, 940 (4th Cir. 1945); *Restatement (Second) of Contracts* § 337, at 151 (Tent. Draft No. 12, 1977). Indeed, considering the "high degree of care" required of distributors of electricity, *Jeffress* v. *Virginia Ry. & P. Co.*, 127 Va. 694, 714, 104 S.E 393, 399 (1920), application of such a rule to power companies is especially appropriate.

Furthermore, given the purpose of the public policy applicable to public service companies, *viz.*, to protect the public from the negligent performance of public duties, we believe it makes no difference whether the attempt to relieve from liability takes the form of a contract of exemption or one of indemnification. Where a public duty is involved, a public service company cannot relieve itself, either directly or indirectly, from liability to one to whom the duty is owed. *Southern States* v. *N.&W. Railway*, 219 Va. at 196, 247 S.E.2d at 461;[2] *C. & O. Ry. Co.* v. *Osborne*, 154 Va. 477, 501, 153 S.E. 865, 871 (1930).

From the foregoing discussion, it is obvious that the crucial issue in this type of situation is whether a public service company occupies a private or a public status with respect to a particular

---

[1] A power company's privilege, however, is not necessarily co-extensive with that of a transportation company. See note 3, *infra*.

[2] As a footnote in the *Southern States* opinion indicates, it has been recognized that a common carrier may enter into "insurance contracts with duly licensed insurance companies to indemnify [the carrier] against its losses." *The Pennsylvania Railroad Co.* v. *Kent*, 246 Ind. 101, 102, 202 N.E.2d 893, 894 (1964). We express neither approval nor disapproval of this proposition.

loss.[3] In determining this issue in the present case, we agree with Richardson-Wayland that the time of the Taylors' loss, rather than the time VEPCO contracted with Richardson-Wayland, is the "focal point" of inquiry.

We will assume, without deciding, that VEPCO occupied a private status when it conracted with Richardson-Wayland. At the time of loss, however, there was superimposed upon this status a public relationship between VEPCO, as the holder of a public franchise, and the Taylors, as members of the consuming public. At that time, VEPCO was "dealing with" the Taylors, and not with Richardson-Wayland. Pursuant to the VEPCO-Taylor relationship, VEPCO was engaged in the performance of a public duty owed the Taylors when it undertook to restore electrical service to their home.[4]

The stipulated jury verdict established that this duty was breached by VEPCO's active negligence, albeit Richardson-Wayland's midconduct concurred to cause the loss. Thus, notwithstanding Richardson-Wayland's role, VEPCO occupied a public status with respect to the loss. Yet, despite its public status, VEPCO would invoke the indemnity clause in question to shift to Richardson-Wayland full responsibility for the loss. This would enable VEPCO to relieve itself from liability to members of the consuming public, to whom it owed a public duty. To the extent that the indemnity clause permits this evasion of liability, the clause must be declared invalid.

For the reasons assigned, the judgment of the trial court will be reversed, VEPCO's cross-claim will be dismissed, and final judgment will be entered here in favor of Richardson-Wayland.

*Reversed and final judgment.*

---

[3] Code § 56-260.1, so far as pertinent here, prohibits a power company from including in a contract for a power-line easement any provison which purports to exempt the company from liability for injuries to persons or property caused by the construction, maintenance, or operation of the line. Thus, even when acting in a private capacity to secure an easement, a power company may not exempt itself from liability for its own negligence.

[4] Because, at the time of loss, VEPCO was engaged in the performance of a public duty owed a member of its consuming public, the out of state cases cited by VEPCO are inapposite. Each of the instances cited by VEPCO involved either a public service company not engaged in the performance of a public duty or an injured party to whom no public duty was owed. *Scherff v. Missouri - Kansas - Texas Railroad Co.*, 449 F.2d 23 (5th Cir. 1971); *McTighe v. New England Telephone and Telegraph Co.*, 216 F.2d 26 (2d Cir. 1954); *Eubanks v. Piedmont Natural Gas Company*, 198 F. Supp. 522 (W.D.S.C. 1961); *Gibbs v. Light Co.*, 265 N.C. 459, 144 S.E.2d 393 (1965); *S. C. E. & G. Co. v. Utilities Const. Co.*, 244 S.C. 79, 135 S.E.2d 613 (1964). The one Virginia case cited, *Com. Pub. Service Corp. v. Bluefield*, 167 Va. 82, 187 S.E. 521 (1936), is of no aid to VEPCO. The case stands only for the proposition that an indemnitee's derivative negligence, arising from the indemnitor's primary negligence, does not bar the indemnitee's recovery under an indemnity agreement.