Estes Express Lines et al.

v.

Chopper Express, Inc.

November 8, 2005

Case No. LS-2671-4

BY JUDGE RANDALL G. JOHNSON

This is an action to enforce an indemnification agreement. It is before the court on demurrer. At oral argument on October 18, the court asked counsel to submit memoranda on the effect of the recent Supreme Court case of *Safeway v. DPI Midaltlantic, Inc.*, 270 Va. 285 (2005), on defendant's demurrer. The court has now considered the memoranda submitted. Plaintiff, Estes Express Lines, Inc., is in the business, inter alia, of leasing trucks. Defendant, Chopper Express, Inc., is a trucking company. On April 15, 1996, the parties entered into a lease agreement under which Estes leased a number of vehicles to Chopper. The agreement contained the following provision, under which Chopper agreed to indemnify Estes against:

[a]ny and all loss, cost, claim, expense, cause of action, loss of use, and liability by reason of injury (including death) to persons or damage to property arising out of the use, operation, ownership, maintenance, or control of a Vehicle whether covered by insurance or not, including claims in excess of insurance limits and all claims determined not to be covered by insurance irrespective of who, among Customer or its insurance carrier or others, may be the cause for such failure of coverage or recovery in excess of coverage.

On December 11, 2001, James D. Davis, Jr., was injured by the operation of one of the trucks covered by the subject lease and brought a claim against Estes and others for his injuries. Estes settled the claim by paying Davis $350,000. Estes now seeks indemnification from Chopper under the indemnification provision set out above.

Chopper's demurrer is based on two grounds. First, Chopper argues that the indemnification provision is against public policy and void. Second, Chopper argues that, since the motion for judgment fails to allege that Chopper was put on notice of Davis' claim against Estes, it cannot be liable for the payment made by Estes to Davis. While the court finds no language in the lease agreement making notice to Chopper of a claim against Estes a precondition to enforcement of the indemnification provision and thus rejects Chopper's argument in that regard, the court agrees with Chopper that the indemnification agreement itself is against public policy and void. The demurrer will be sustained, but with leave to amend.

In *Aldridge v. Atlantic Rural Exposition*, 67 Va. Cir. 404 (2005), this court held that an indemnity provision that indemnified a party for such party's future negligent conduct that resulted in personal injury, as opposed to property damage, was against public policy and void. The court made its ruling after considering several cases from the Supreme Court of Virginia, most notably *Hiett v. Lake Barcroft Community Assoc.*, 244 Va. 191, 418 S.E.2d 894 (1992). In *Hiett*, the Supreme Court was called upon to decide whether the relevant law of the Commonwealth had changed since its holding in *Johnson's Adm'x v. Richmond & Danville RR.*, 86 Va. 975, 11 S.E. 829 (1890), a case involving a release and indemnification agreement between a railroad and a quarry firm. In *Johnson*, the Court said:

> To uphold the stipulation in question, would be to hold that it was competent for one party to put the other parties to the contract at the mercy of its own misconduct, which can never be lawfully done where an enlightened system of jurisprudence prevails. Public policy forbids it, and contracts against public policy are void.

86 Va. at 978.

In *Hiett*, the Court noted that its holding in *Johnson* "was not based on the fact that the railroad company was a common carrier. Rather, this Court found that such provisions for release from liability for personal injury which

may be caused by future acts of negligence are prohibited `universally'." 244 Va. at 195. The Supreme Court then said:

> As noted by Hiett, the cases following *Johnson* have not eroded this principle. Instead, this Court's decisions after *Johnson* have been limited to upholding the right to contract for the release of liability for *property damage*, as well as indemnification from liability to third parties *for such damage.*

*Id.* (emphasis added).

This court held that the above language, particularly the "for such damage" language, meant that *Johnson* had been modified, if at all, with regard to property damage only, and that *Johnson's* prohibition against releases and indemnification agreements involving personal injuries was still in force.

On September 16, 2005, the Supreme Court decided *Safeway.* In that case, the Court held that the exclusivity provisions of the Virginia Workers' Compensation Act did not invalidate an express indemnification agreement between an employer and a third party. Significantly, the indemnification agreement at issue was, as far as the issue before this court is concerned, identical to the one between the parties now before this court. As Estes points out, this court's holding in *Aldridge* would make the indemnification agreement in *Safeway* invalid as well. Still, the court will adhere to its decision in *Aldridge.*

This court recognizes that *Hiett* did not involve an indemnification agreement. The Supreme Court's discussion of such agreements was dictum. This court also notes, however, that the precise issue now before this court, whether indemnification agreements such as the one at issue here are against public policy and void as they relate to indemnification for personal injuries, also was not before the Supreme Court in *Safeway.* While the Supreme Court obviously did not declare the provision before it in *Safeway* to be against public policy and void, it apparently was not asked to do so. In the face of what this court considers to be the clear language, albeit dictum, of *Hiett*, and the fact that *Hiett* reaffirmed the holding of *Johnson's Adm'x*, this court will again hold that such agreements are against public policy and void.

In making this ruling, the court will allow Estes fifteen days in which to file an amended motion for judgment if it be so advised. The court makes this allowance in the event that Estes has another theory or theories of recovery not stated in the present motion for judgment.