## CIRCUIT COURT OF THE CITY OF RICHMOND

Above The Belt, Inc.

v.

Jake B. Mull, Jr.,
and John G. Mull

March 9, 1990

Case No. LR-3676-4

By JUDGE RANDALL G. JOHNSON

Plaintiff-lessee brings this action against defendants-lessors for damages to personal property allegedly sustained as a result of a leaking roof at the leased premises. Plaintiff claims that the defendants were negligent and/or breached the terms of the lease by failing to repair the roof after repeated notices of problems. The case is presently before the court on defendants' demurrer and on plaintiff's motion for summary judgment. At issue are the proper interpretation and effect of two provisions of the lease.

### 1. Demurrer

Defendants' demurrer is based on Section 11 of the lease, the pertinent portion of which provides as follows:

Lessee, for itself, its representatives, successors and assigns, hereby covenants and agrees to indemnity, .protect and save harmless lessor and its successors and assigns, of and from any and all claims, demands, injury or other

casualty to property (whether it belongs to either party hereto or third persons) and to persons (whether third persons, lessee, or employees of lessee), caused by, growing out of, or happening in connection with lessee's conduct of said business or use and occupancy of said premises or buildings, improvements, equipment or appliances located or to be located thereon, or in or about any railroad sidings thereon or adjacent passageways thereon or adjacent thereto, or in or about the adjoining streets, sidewalks and whether due to negligence of lessee, lessor, underlying landlord or otherwise.[1]

Defendants contend that this provision precludes plaintiff from maintaining any action against them, either for negligence or for breach of contract. Plaintiff, on the other hand, makes several arguments. First, plaintiff contends that exculpatory clauses generally are not favored and should rarely be enforced. Second, plaintiff argues that the language of the exculpatory clause in this case is not broad enough to cover the specific damage involved here. Third, plaintiff argues that the exculpatory clause cannot be given effect in this case because another provision in the lease takes precedence over it and specifically imposes the liability sought to be imposed. Because the court agrees with plaintiff's third argument, there is no need to address the first two. In fact, the court specifically declines to determine whether Section 11 of the lease is valid under Virginia law,[2] or whether, if valid, its language is broad enough to include the acts

---

[1] Because the lease was attached to and filed with plaintiff's motion for judgment, the terms thereof may be considered on demurrer. See Rule 1:4(i) of the Rules of the Supreme Court of Virginia.

[2] Compare Johnson's Adm'x. v. Richmond & Danville R.R. Co., 86 Va. 975, 11 S.E. 829 (1890), with C. and O. Ry. Co. v. Telephone Co., 216 Va. 858, 224 S.E.2d 317 (1976), and Richardson-Wayland v. VEPCO, 219 Va. 198, 247 S.E.2d 465 (1978).

and damages complained of here.[3] For purposes of this decision, the court assumes, but does not decide, that exculpatory clauses such as the one contained in Section 11 of this lease are valid in Virginia and that the language of Section 11 is broad enough to cover the acts and damages involved in this case. Even with these assumptions, however, defendants' demurrer must be overruled.

It is a well-settled rule of contract construction that in reconciling conflicting provisions of a contract, any apparent inconsistency between a clause that is general and broadly inclusive in character and a clause that is more specific in character should be resolved in favor of the more specific one. *See Mutual Life Ins. Co. v. Hill*, 193 U.S. 551, 558 (1904); *Chantilly Construction Corp. v. Dept. of Transportation*, 6 Va. App. 282, 294, 369 S.E.2d 438 (1988); 4B M.J., *Contracts*, § 48, n. 15.1 (1989 Cum. Supp.). It is hard to imagine any clause in a contract more general and broadly inclusive than Section 11 of the present lease. Indeed, defendants themselves are the ones who urge the court to accept Section 11's general and broad coverage to preclude plaintiff's action. That section, then, must give way to Section 29 of the lease which is unquestionably more specific and which is, in the court's view, directly at odds with the provisions of Section 11. Section 29 provides, in pertinent part:

> Lessor agrees to keep the roof, exterior/walls,
> and structural parts of the demised premises
> in good condition.

This provision places a specific, affirmative duty on the defendants; that is, to "keep the roof . . . in good condition." It cannot be reconciled with Section 11.[4] First, if Section 11 is given effect, as defendants

---

[3] See Goldman Paper v. R. F. & P. Railroad Co., 212 Va. 293, 183 S.E.2d 728 (1971); Seaboard Air Line Railroad Co. v. Richmond-Petersburg Turnpike Authority, 202 Va. 1029, 121 S.E.2d 499 (1961).

[4] Wherever possible, apparently conflicting provisions of a contract should be reconciled but only where such reconciliation "is afforded by the language of the instrument." Hutchison v. King, 206 Va. 619, 624-25, 145 S.E.2d 216 (1965);

urge, plaintiff may not maintain this or any other suit for damages due to defendants' failure to comply with Section 29. Second, plaintiff could not have sought an affirmative injunction requiring defendants to repair the roof since Section 11, if enforced, prohibits all "demands . . . growing out of . . . lessee's . . . use and occupancy of said premises or buildings . . . ." Finally, plaintiff could not have paid someone else to do the work and then sought reimbursement from defendants since that, too, would be a "claim[] [or] demand[] growing out of, or happening in connection with, lessee's . . . use and occupancy of said premises or buildings . . . ." In short, to accept defendants' argument would be to render Section 29 of the lease absolutely meaningless since plaintiff would be utterly powerless to enforce any of the landlord's duties set out therein. Because that section is much more specific and definite than Section 11, and because that section places specific, affirmative duties on the landlord, the court concludes that such specific, affirmative provisions take precedence over the general, exculpatory provisions of Section 11. Accordingly, defendants' demurrer will be overruled.[5]

## 2. *Summary Judgment*

Plaintiff's motion for summary judgment appears to be based solely on its allegations that (1) defendants obligated themselves to keep the roof in good repair; (2) the roof leaked; (3) plaintiff gave notice to defendant that the roof leaked; (4) defendants failed to repair

---

Chantilly Construction Corp. v. Department of Transportation, supra at 294.

[5] See also State Farm and Casualty Co. v. Home Insurance Co., 88 Wis. 2d 124, 276 N.W.2d 349 (1979); and Gilson v. Gillia, 45 Tenn. App. 193, 321 S.W.2d 855 (1958); both of which hold that general exculpatory clauses do not protect landlords from liability for failure to perform affirmative obligations under their leases.

the roof; and (5) plaintiff's property was damaged.[6] Other than defendants' responses to requests for admissions, no evidence of any kind has been presented. In reviewing those responses, it appears that only the lease and the fact the defendants were told that the roof leaked have been admitted by defendants in that pleading or in the grounds of defense. Defendants have specifically denied that the roof leaked, that they failed to repair the roof, or that plaintiff's property was damaged. Defendants have also not admitted that any action or inaction on their part proximately caused whatever damage plaintiff suffered. In short, plaintiff's motion for summary judgment is totally unsupported by any pleading or evidence and will be denied.

---

[6] Because plaintiff's motion for summary judgment states as its grounds "the grounds set forth in Plaintiff's Memorandum," and because plaintiff's memorandum addresses both defendants' demurrer and plaintiff's motion for summary judgment with no distinction as to which arguments apply to which pleading, the court's assumption is the best it can make.