505 P.2d 78

GULF OIL CORPORATION, Plaintiff-Appellant,

v.

ROTA–CONE FIELD OPERATING COMPANY, Defendant-Appellee.

No. 938.

Court of Appeals of New Mexico.
Nov. 30, 1972.
Rehearing Denied Dec. 27, 1972.

Byron Caton, White & Caton, Farmington, W. V. Kastler, Midland, Tex., for plaintiff-appellant.

R. Thomas Dailey, Charles M. Tansey, Jr., Tansey, Rosebrough, Roberts & Gerding, Farmington, for defendant-appellee.

## OPINION

SUTIN, Judge.

Gulf Oil appeals the dismissal of its third party complaint against Rota-Cone.

We affirm.

Rota-Cone was the employer of a deceased workman and became obligated under the New Mexico Workmen's Compensation Act to pay benefits to surviving dependents.

The administrator of the deceased workman filed a wrongful death action against Gulf Oil. Gulf Oil sought recovery over against Rota-Cone by reason of an express agreement of employment in which Rota-Cone agreed to indemnify Gulf Oil.

Rota-Cone moved to dismiss the third party complaint. The trial court found that Rota-Cone was "immune from all actions for damages for the death of plaintiff's decedent, except under the provisions of the Workmen's Compensation Act of New Mexico, and that under the provisions of said act and the public policy expressed therein, the provisions in the contract of Third Party Plaintiff with Third Party Defendant for indemnity are illegal, void and unenforceable, * * *" The claim was dismissed with prejudice as a final judgment under § 21-1-1(54) (b), N.M.S.A. 1953 (Repl. Vol. 4).

Gulf Oil claims the trial court erred.

This case presents a question of first impression in New Mexico. Is an employer subject to liability in addition to the Workmen's Compensation Act where the employer voluntarily enters into a contract which also seeks indemnity? We say "no."

Section 59-10-5, N.M.S.A.1953 (Repl. Vol. 9, pt. 1, Supp.1971) provides in part:

Any employer who has elected to and has complied with the provisions of sections 59-10-1 through 59-10-138 NMSA 1953, * * * shall not be subject to any other liability whatsoever for the death of * * * any employee, except as provided in sections 59-10-1 through 59-10-138 NMSA 1953, and all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, * * * any such employee and accruing to any and all persons whomsoever, are hereby abolished except as provided in sections 59-10-1 through 59-10-138 NMSA 1953. [Emphasis added]

Section 59-10-6, N.M.S.A.1953 (Repl. Vol. 9, pt. 1) provides in part:

The right to the compensation provided for in this act [59-10-1 to 59-10-37], [is] in lieu of any other liability whatsoever, to any and all persons whomsoever, for any personal injury accidentally sustained or death resulting therefrom, * * *.

Our courts have been called upon several times to interpret this language. See Beal v. Southern Union Gas Company, 62 N.M. 38, 304 P.2d 566 (1956); Royal Indemnity Company v. Southern California Petroleum Corporation, 67 N.M. 137, 353 P.2d 358 (1960); Roseberry v. Phillips Petroleum Company, 70 N.M. 19, 369 P.2d 403 (1962).

A contract with an express provision for indemnity was not involved in the above cases. However, they did involve the common law right of indemnity, the right of tort-feasor's contribution, the right of a wife to sue an employer for loss of consortium, all of which claims were denied based upon the above sections.

The defendant's claim for indemnity is a cause of action which seeks to impose additional liability upon an employer expressly contrary to the precise and emphatic language of § 59-10-5, supra. It reads that the employer "shall not be subject to any other liability whatsoever * * *". This is all inclusive.

It prohibits a third person from seeking to impose additional liability on an employ-

er. See 17 Am.Jur.2d Contracts, § 168. This falls within the uniform rule "that an act done in violation of a statutory prohibition, is void and confers no right upon the wrongdoer." This rule is subject to the qualification that the legislature did not intend that the statutory prohibition render the contract void. Third National Exchange Bank of Sandusky, Ohio, v. Smith, 17 N.M. 166, 125 P. 632 (1912); Niblack v. Seaberg Hotel Co., 42 N.M. 281, 76 P.2d 1156 (1938). A survey of §§ 59-10-5 and 59-10-6, supra, together with the strong language set forth in the cited New Mexico decisions, convinces us that the legislature intended to declare void any contract provisions which seek to impose additional liability on an employer.

Sections 59-10-5 and 59-10-6, supra, do not make void the entire contract. Only those provisions related to indemnification are void.

Affirmed.

It is so ordered.

COWAN and HERNANDEZ, JJ., concur.