610 P.2d 198

The CITY OF ARTESIA, New Mexico, and Truck Insurance Exchange, Plaintiffs-Appellants,

v.

Woodrow O. CARTER, d/b/a Carter Enterprises and Scanlon & Associates, Inc., Defendants-Appellees.

No. 4118.

Court of Appeals of New Mexico.

Jan. 8, 1980.

Writ of Certiorari Denied Feb. 19, 1980.

Eric D. Lanphere, Johnson & Lanphere, P. C., Albuquerque, for plaintiffs-appellants.

Esteban A. Aguilar, Studdard, Melby, Schwartz, Crowson & Parrish, El Paso, Tex., for defendants-appellees.

## OPINION

WOOD, Chief Judge.

May an employer who has paid workmen's compensation avoid the employer's express contract to indemnify a third party on the ground that enforcement of the contract is barred by the public policy stated in our workmen's compensation law? No.

The employee was killed in a compensable accident. The employer, Carter (Woodrow O. Carter, doing business as Carter Enter-

prises) paid workmen's compensation to the employee's widow. The widow, as personal representative of her deceased husband, sued Artesia (City of Artesia) for the wrongful death of her husband. The wrongful death action was settled. Artesia and its insurer, Truck Insurance Exchange, then sued Carter seeking to recover the amount of the settlement and costs incurred in defending the wrongful death action. Artesia's suit was based on an express contract of indemnity between Artesia and Carter. Carter moved for summary judgment asserting that its indemnity contract was void because contrary to the public policy stated in the workmen's compensation statute. Summary judgment was granted in favor of Carter; Artesia and its insurer appeal. The other named defendant, Scanlon and Associates, Inc., is not involved in the appeal.

There is no issue in this appeal concerning the indemnity agreement. Artesia's complaint against Carter alleges that the employee's death arose out of the performance of work by Carter. Carter's contract with Artesia states:

> The Contractor agrees to defend, indemnify and save harmless the Contracting Agency, its officers, agents and employees from and against all suits, actions or claims of any character brought because of any injury or damage received or sustained by any person, persons or property arising out of the performance of the work by the Contractor or by reason of any act or omission, neglect or misconduct of the Contractor, his agents or employees or any subcontractor, his agents or employees. This indemnity provision shall equally apply to injuries to the Contractor's employees.

Because of other provisions in the contract and the nature of the work to be performed under the contract, there is no claim that either § 56–7–1 or § 56–7–2, N.M.S.A.1978 is applicable. There is also no issue involving the validity of indemnity agreements as a general proposition. See *Metropolitan Pav. Co. v. Gordon Herkenhoff & Assoc.,* 66 N.M. 41, 341 P.2d 460 (1959). The issue is how the workmen's compensation law af-

fects an otherwise enforceable express indemnity agreement.

Section 52·1-8, N.M.S.A.1978 states:

> Any employer who has complied with the provisions of the Workmen's Compensation Act [52–1–1 to 52–1–69 NMSA1978] relating to insurance, or any of the employees of the employer, including management and supervisory employees, shall not be subject to any other liability whatsoever for the death of or personal injury to any employee, except as provided in the Workmen's Compensation Act, and all causes of action, actions at law, suits in equity and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to, any such employee and accruing to any and all persons whomsoever, are hereby abolished except as provided in the Workmen's Compensation Act.

Section 52–1–9, N.M.S.A.1978, states that the right to compensation under the Workmen's Compensation Act is "in lieu of any other liability whatsoever, to any and all persons whomsoever, for any personal injury accidentally sustained or death resulting therefrom, shall obtain in all cases * *."

The language in §§ 52–1–8 and 52–1–9, supra, has been held to be a limitation of the employer's liability. The public policy expressed by the limitation has prohibited contribution from the employer and barred claims of liability based on an implied agreement to indemnify. *Roseberry v. Phillips Petroleum Company,* 70 N.M. 19, 369 P.2d 403 (1962); *Royal Indem. Co. v. Southern Cal. Petroleum Corp.,* 67 N.M. 137, 353 P.2d 358 (1960); *Beal v. Southern Union Gas Company,* 62 N.M. 38, 304 P.2d 566 (1956). There is no issue as to the continuing validity of these decisions; the issue is the one reserved in *Royal Indem. Co.:* "Whether or not a different rule might be applied in a case where an employer and a third party had specifically contracted for indemnity * * *."

*Gulf Oil Corp. v. Rota-Cone Field Operating Co.,* 84 N.M. 483, 505 P.2d 78 (Ct.App. 1972) stated that the statutory language and the "strong language" in New Mexico decisions "convinces us that the legislature intended to declare void any contract provisions which seek to impose additional liability on an employer." The Supreme Court issued its writ of certiorari in the *Gulf Oil* case and issued an opinion reversing the Court of Appeals. The Supreme Court then withdrew its opinion of reversal and quashed its writ, holding that a timely application for the writ was jurisdictional and the application for the writ had been untimely, 85 N.M. 636, 515 P.2d 640 (1973).

The withdrawn Supreme Court opinion states: "The primary reason for excepting independent legal relationships from the general rule of limited liability for an employer is the unwillingness of the courts to interfere with legal relationships voluntarily created by the parties in the absence of legislative action." This language is too broad. If the "independent legal relationship" was intended to cover situations where there is a special duty based on the relationship between the third party and the employer, that special duty does not provide an exception from the statutory provision limiting the employer's liability. See *Royal Indem. Co. v. Southern Cal. Petroleum Corp.,* supra; *Hill Lines, Inc. v. Pittsburg Plate Glass Company,* 222 F.2d 854 (10th Cir. 1955); 2A Larson's Workmen's Compensation Law, § 76.42 (1976).

The withdrawn Supreme Court opinion cited *Larson's,* supra, § 76.41 which states: "The clearest exception to the exclusive-liability clause is the third party's right to enforce an express contract in which the employer agrees to indemnify the third party for the very kind of loss that the third party has been made to pay to the employee." We agree that this exception exists. As the withdrawn opinion accurately stated, as of the date of the withdrawn opinion: "in every case, from every jurisdiction with a similar statute which has faced this same issue, where there has been an express promise to indemnify, indemnification has been permitted."

Why have express contracts of indemnity been enforced? Larson's, § 76.41, supra, states that "the indemnity claim is by definition a separate legal cause * * *." It is true that Artesia seeks to enforce its indemnity contract and, thus, seeks to enforce a claim that is legally separate from the compensation claim. This, however, is no justification for excepting express contracts of indemnity from the language of the New Mexico statute. The indemnity claim arose because of the compensation claim; the indemnity claim is indirectly based on the compensation claim. Section 52–1–8, supra, abolishes "all" causes of action "on account of" the death of the employee in this case. "[I]ndirect liability * * * is also foreclosed * * * by the terms of the [workmen's compensation] act * * *." *Beal v. Southern Union Gas Company,* supra.

■ Although we disagree with some of the reasoning of the withdrawn Supreme Court opinion, we agree with the holding that the public policy expressed in the workmen's compensation statute does not bar "a claim for indemnity by the third party from the employer where that claim is based on an express contract of indemnity." Why?

■■ Contracts in violation of the public policy of the state cannot be enforced. *DiGesu v. Weingardt,* 91 N.M. 441, 575 P.2d 950 (1978). Before one can say that a contract will not be enforced because of public policy, the public policy must be ascertained. In ascertaining public policy we look to the language of the statute, its subject matter and the purpose to be accomplished. *Farrar v. Hood,* 56 N.M. 724, 249 P.2d 759 (1952); see *Forrest Currell Lumber Company v. Thomas,* 81 N.M. 161, 464 P.2d 891 (1970).

■ Concerning the public policy in limiting the employer's liability, *Roseberry v. Phillips Petroleum Company,* supra, states:

The basis upon which the Workmen's Compensation Law rests is that it imposes upon the employer an absolute, though limited, liability, not based upon the prin-

**314**

ciple of tort but upon compensation to the injured employee regardless of fault * * in exchange for a release from the unlimited liability to which he was theretofore subject upon the theory of negligence. Thus, the employer is required to pay compensation to the injured employee in a limited amount and, in exchange, the employer is released from unlimited liability.

There is another public policy involved. *General Electric Credit Corporation v. Tidenberg*, 78 N.M. 59, 428 P.2d 33, 40 A.L. R.3d 1151 (1967) states:

> [P]ublic policy encourages freedom between competent parties of the right to contract, and requires the enforcement of contracts, unless they clearly contravene some positive law or rule of public morals.

Enforcing express contracts of indemnity is no more than enforcing the loss distribution agreed to by the contracting parties. *Contribution and Indemnity: The Effect of Workmen's Compensation Acts*, 42 Va.L.Rev. 959 at 976 (1956). This arrangement to distribute the loss does not offend any policy concerned with securing the payment of workmen's compensation; the compensation payable is not affected by the indemnity agreement. This arrangement does not depart from the policy of limiting the employer's liability; that policy remains intact. · All that is involved is the employer's departure from the policy. If the employer desires to voluntarily relinquish his statutory protection, he may do so. Such a relinquishment is not prohibited by §§ 52-1-8 and 52-1-9, supra; such a relinquishment is consistent with the policy favoring the right to contract. As the withdrawn opinion of the Supreme Court states:

> Great damage is done where businesses cannot count on certainty in their legal relationships and strong reasons must support a court when it interferes in a legal relationship voluntarily assumed by the parties. This Court sees no such reasons before it now.

The Court of Appeals decision in *Gulf Oil Corp. v. Rota-Cone Field Operating Co.*, 84 N.M. 483, 505 P.2d 78, supra, insufficiently considered the public policy involved in en-

forcing an express contract of indemnity. That decision is reversed. The workmen's compensation statute does not bar an indemnity claim by a third party against an employer when that claim is based on an express contract of indemnity.

The summary judgment in favor of Carter is reversed; the cause is remanded for further proceedings.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.