746 P.2d 1105

**Gloria SIERRA, as Personal Representative of Augustin Sierra, Plaintiff,**

v.

**Alex GARCIA, Ismael Mojica, Albuquerque Materials, Inc., and Cook Construction Company, Inc., Defendants,**

**and**

**COOK CONSTRUCTION COMPANY, INC., Third–Party Plaintiff–Appellant,**

v.

**UNIVERSAL CONSTRUCTORS, INC., Third–Party Defendant–Appellee.**

**No. 16984.**

Supreme Court of New Mexico.

Dec. 2, 1987.

Rehearing Denied Dec. 28, 1987.

**574**

Gallagher & Casados', Nathan H. Mann, M. Clea Gutterson, Albuquerque, for appellant.

Dines & McCary, Jim Dines, Paula J. Cotitta, Albuquerque, for appellee.

William D. Teel, Albuquerque, for plaintiff.

Miller, Stratvert, Torgerson & Schlenker, Robert B. Collins, Albuquerque, for defendant Garcia.

Gary J. Martone, Albuquerque, for defendant Mojica.

Civerolo, Hansen & Wolf, William P. Gralow, Albuquerque, for defendant Albuquerque Materials.

Butt, Thornton & Baehr, John P. Massey, Albuquerque, for plaintiff-in-intervention.

## OPINION

SOSA, Senior Justice.

Augustin Sierra, an employee of third-party defendant/appellee Universal Constructors, Inc. (Universal), died from injuries he suffered while working on a street construction project in Albuquerque. Universal was the paving subcontractor on the project. Sierra's personal representative brought an action for wrongful death against the general contractor, third-party plaintiff/appellant, Cook Construction Company, Inc. (Cook). Cook filed a third-party complaint against Universal on grounds that Universal had agreed to indemnify Cook for any damages which Cook might suffer as a result of any losses arising out of the performance of the contract between Cook and Universal. Universal moved to dismiss the third-party complaint on grounds that NMSA 1978, Section 56–7–1 (Repl.Pamp.1986) rendered the contract void. The trial court granted Universal's motion and dismissed Cook's complaint with prejudice. Cook appeals, and we affirm.

### INTERPRETATION OF NMSA 1978, SECTION 56–7–1

The parties are correct in stating that this is a case of first impression. Neither this court nor the court of appeals has construed NMSA 1978, Section 56–7–1. That statute provides in pertinent part:

> Any provision, contained in any agreement relating to the construction * * * grading, paving * * * of any real property, * * * by which any party to the agreement agrees to indemnify the indemnitee, * * * against liability, claims, damages, * * * caused by, or resulting from, in whole or in part, the negligence * * * of the indemnitee, * * * is against public policy and is void and unenforceable, unless such provision shall provide that the agreement to indemnify shall not extend to liability, claims, damages, losses or expenses * * * arising out of:
>
> A.  the preparation or approval of maps, drawings, * * * or specifications by the indemnitee * * *; or
>
> B.  the giving of or the failure to give directions or instructions by the indemnitee * * * where such * * * failure * * * is the primary cause of bodily injury to persons or damage to property.

Since our statute differs in two significant respects from similar statutes in other jurisdictions, we feel it is important to note these differences at the outset: First, unlike the statutes in most jurisdictions, which void indemnification agreements attempting to indemnify the indemnitee for the indemnitee's *sole* negligence, our statute voids agreements which attempt to indemnify the indemnitee for liability resulting, *in whole or in part,* from the indemnitee's negligence. Second, no other statute contains the exceptions provided for in subsections (A) and (B) of our statute, which remove an indemnity agreement from the statute's ban against enforceability if the agreement provides that it shall not extend to losses arising from the situations specified in those subsections.

Having considered the applicable statute, we now turn to the provision in the contract between Cook and Universal which is the subject of contention. In paragraph nine of the contract Universal agreed as follows:

> Subcontractor shall defend at its own cost and indemnify and hold harmless Contractor and Owner, their agents and employees from any and all liability, damages, losses, claims and expenses, however caused resulting directly or indirectly from or connected with the performance of this subcontract.

Cook argues that reading together the statute, the contract, and the decision in *Guitard v. Gulf Oil Co.,* 100 N.M. 358, 670 P.2d 969 (Ct.App.), *cert. denied, Harrison Western Corp. v. Gulf Oil Co.,* 100 N.M. 327, 670 P.2d 581 (1983), it is clear that the statute voids only that portion of the contract which purports to indemnify *Cook's* negligence, and not *Universal's* negligence.

*Guitard* was based on an interpretation of NMSA 1978, Section 56–7–2, which voids indemnity agreements pertaining to operations related to oil, gas or water, or mining for any mineral. That statute refers to the "sole or concurrent negligence of the indemnitee" (§ 56–7–2(4)), rather than to damages resulting "in whole or in part" (Section 56–7–1) from the indemnitee's negligence. The court in *Guitard* followed the

leading Wyoming case, *Mountain Fuel Supply Co. v. Emerson,* 578 P.2d 1351 (Wyo.1978), in holding:

> [T]he language in § 56–7–2(A) which makes void and unenforceable any agreement which purports to indemnify an indemnitee for injuries or death 'arising from the * * * concurrent negligence of the indemnitee' means only that the indemnitee cannot contract away liability for his own percentage of negligence.

*Guitard,* 100 N.M. at 361, 670 P.2d at 972.

Cook thus argues that the indemnity agreement before us is void only insofar as Cook's own negligence is concerned, but not void insofar as Universal's negligence is concerned. Cook argues that the trial court can simply excise the words "however caused," "or indirectly," and "or connected with" from the contract, and arrive at a reformed contract which would not indemnify Cook for its own negligence. The reformed contract would then read:

> Subcontractor shall defend at its own cost and indemnify and hold harmless Contractor and Owner, their agents and employees, from any and all liability, damages, losses, claims and expenses, resulting directly from the performance of this subcontract.

Universal argues that the reformed contract is still objectionable, contending that this is a contract which is impossible to reform. No matter how the contract is revised, Universal argues, it is rendered unenforceable by the provisions of Section 56–7–1. Universal also argues that *Guitard* is not applicable to the case at bar because that decision was premised on an entirely different statute, one which does not have the exceptions contained in subsections (A) and (B) of Section 56–7–1. Universal reads those subsections as meaning that indemnity agreements as defined in the body of the statute are absolutely void unless they provide language in compliance with the exceptions provided in the subsections. Hence, Universal concludes that the contract in question is not simply unenforceable as to Cook's negligence, but unenforceable absolutely.

We turn now to the applicable case law. Cook relies on three Michigan cases, the most pertinent of which is *Robertson v. Swindell–Dressler Co.*, 82 Mich.App. 382, 267 N.W.2d 131 (1978), where the court measured an indemnity contract against the requirements of Michigan's version of our Section 56–7–1. The court severed one sentence in the indemnity agreement so as to save that portion of the contract that did not offend the statute. *Id.* at 400, 267 N.W.2d at 140. Yet, that decision is not relevant to our purposes, precisely because the Michigan statute is predicated on the *sole* negligence of the indemnitee. Thus, in Michigan if a contract provision can be construed to apportion responsibility for negligence between the indemnitor and indemnitee, the Michigan courts reform the contract so as to eliminate the offensive provision. That situation is not applicable here, either to our statute, or to the contract under review.

In *Rogers & Babler, Div. of Mapco Alaska v. State*, 713 P.2d 795 (Alaska 1986), in a similar factual situation to the one before us, the court, as the Michigan court had done in *Robertson*, construed a statute predicated on the indemnitee's sole negligence. The court held that the statute "should come into effect only when it is determined, as between the [general contractor] and the [subcontractor], that the [general contractor] is solely negligent." *Id.* at 798. In other words, like the court in *Robertson*, the court in *Rogers & Babler* held that a voiding statute did not in fact void an indemnity agreement when it could be shown that the indemnitor was negligent. *See also Espaniola v. Cawdrey Mars Joint Venture*, —— Haw. ——, 707 P.2d 365 (1985).

Since our statute expressly voids indemnity contracts which attempt to indemnify the indemnitee for any loss arising in whole or in part from the indemnitee's negligence, the cases from other jurisdictions which we have discussed are not applicable to the situation before us. All of those cases dealt with statutes which allowed, explicitly or implicitly, indemnification for an indemnitor's negligence. Our statute states just the opposite—namely, that liability arising in whole or in part from an indemnitee's negligence (implying that the other "part" arises from the indemnitor's negligence), may not be contracted away by an indemnity agreement. Further, the cases discussed above dealt with contractual provisions that could be reformed so as to delete objectionable provisions. Here, even after the words that Cook would have us excise from the contract have been deleted, it is no clearer than before that the contract refers only to Universal's negligence. Thus, we hold that the contract is voided in its entirety by the statute, and affirm the court's order of dismissal.

IT IS SO ORDERED.

Scarborough, C.J., and Stowers, J., concur.

WALTERS and RANSOM, JJ., dissenting.

RANSOM, Justice (dissenting).

*Guitard v. Gulf Oil Co.*, 100 N.M. 358, 670 P.2d 969 (Ct.App.), *cert. denied*, 100 N.M. 327, 670 P.2d 581 (1983), holds that, under Section 56–7–2(A), an indemnification agreement is only void and unenforceable as to liability for indemnitee's own percentage of negligence. This statutory construction furthers freedom to contract for indemnification from vicarious or secondary liability where common law indemnification would be thwarted by special circumstances, e.g., the exclusivity of liability under the Worker's Compensation Act. *See Royal Indem. Co. v. Southern Cal. Petroleum Corp.*, 67 N.M. 137, 353 P.2d 358 (1960) (third-party claim denied against employer for negligent breach of contract or implied agreement for indemnification); *City of Artesia v. Carter*, 94 N.M. 311, 610 P.2d 198 (Ct.App.), *cert. denied*, 94 N.M. 628, 614 P.2d 545 (1980) (third-party claim not denied against employer where based on an express contract of indemnification).

The rationale of *Guitard* is equally applicable to this case, in which Section 56–7–1 should be read to mean that an indemnification agreement is void and unenforceable as to liability for indemnitee's own percent-

age of negligence arising out of (A) the preparation of certain documents by the indemnitee or (B) the giving of or the failure to give directions or instructions by the indemnitee. If the provisions for excluding (A) and (B) are present, liability for injury or damage arising out of indemnitee's negligence in other activities may be indemnified. If the provisions are not present, the agreement is void and unenforceable as to any negligence of indemnitee. In either event, the parties are not precluded by the statute from contracting for indemnification for vicarious or secondary liability of an indemnitee resulting from acts or omissions of an indemnitor. Absent vicarious or secondary liability, the indemnitee would have no liability for the indemnitor's percentage of negligence. *Bartlett v. New Mexico Welding Supply, Inc.*, 98 N.M. 152, 646 P.2d 579 (Ct.App.), *cert. denied*, 98 N.M. 336, 648 P.2d 794 (1982).

In its third-party complaint, indemnitee sought to be indemnified by indemnitor for damages assessed against indemnitee as a result of indemnitor's negligence or breach of contract. Following *Guitard*, the contract's indemnification provision should be held to apply to damages assessed against indemnitee as a result not of its own but of indemnitor's negligence. I dissent from the majority opinion and would reverse the trial court's order of dismissal for failure to state a claim.

WALTERS, Justice (dissenting).

I concur in Justice Ransom's dissent and respectfully disagree with the analysis and result of the majority opinion.

I am unable to read any explanation, in this case, for treating the contract here under discussion any differently than was the contract in *Guitard* treated. There is no real distinction between "sole or concurrent negligence" and "negligence in whole or in part," insofar as that language may be seized upon to distinguish *Guitard*. It if is "sole," it is "whole." If it is "concurrent," then someone else must have been negligent "in part."

I think it is incumbent upon the Court to read §§ 56–7–1 and 56–7–2 in a similar manner since those statutes were enacted in the same legislative session and concern the same subject matter, differing only in the kind of work the indemnity contract refers to. Both the statute at issue and *Guitard*, which addresses the sister statute, make it clear that the evil prohibited is any attempt to contract away the liability for one's own negligence. Thus, the paragraph in question must be construed as having been intended to be read to say:

> Subcontractor shall * * * idemnify and hold harmless Contractor and Owner * * * from any and all liability * * * resulting directly or indirectly from or connected with the [subcontractor's negligent] performance of this subcontract.

In so reading that paragraph, we would not destroy the *Guitard* decision, and we would fortify the purpose of the legislation.

For all of the reasons stated in this and Justice Ransom's dissent, I would reverse the trial court and direct reinstatement of Cook's third party complaint.