Present:  All the Justices

SAFEWAY, INC.

v.  Record No. 042656  OPINION BY JUSTICE CYNTHIA D. KINSER
                                        September 16, 2005
DPI MIDATLANTIC, INC.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan C. Thacher, Judge

The question in this appeal is whether the exclusivity

provision of the Virginia Workers' Compensation Act (the

Act), invalidates an express indemnification agreement

between an employer and a third party.  Because we answer

that question in the negative, we will reverse the judgment

of the circuit court sustaining a plea in bar and

dismissing a third-party motion for judgment against the

employer.

FACTS AND PRIOR PROCEEDINGS[1]

Terence Williams, an employee of DPI Midatlantic, Inc.

(DPI), filed a motion for judgment against Safeway, Inc.

(Safeway), seeking damages for personal injuries sustained

as a result of a fall.  While delivering products for his

employer to a store owned and operated by Safeway, Williams

utilized a wooden ramp to access the receiving area of the

---

[1] The circuit court heard no evidence in support of the employer's plea in bar.  Thus, we consider only the pleadings in resolving the issue presented and take the facts stated in the third-party plaintiff's pleadings as true.  Niese v. City of Alexandria, 264 Va. 230, 233, 564 S.E.2d 127, 129 (2002).

Safeway store.  The ramp gave way and broke, causing Williams to fall and injure himself.

Safeway subsequently filed a third-party motion for judgment against DPI, alleging that, if Safeway was found liable for Williams' alleged injuries, then Safeway was "entitled to full and complete indemnity, via contract . . . or otherwise, and/or contribution . . . from DPI." Safeway also alleged that the incident was caused by DPI's "negligence . . . in failing [to] instruct its agents and employees about proper delivery procedures."

In response to the third-party motion for judgment, DPI filed a plea in bar, stating that Williams' accident and resulting injuries occurred while he was acting within the scope of his employment for DPI and that, therefore, the third-party claim against Williams' employer is barred by the exclusivity provision of the Act, specifically Code § 65.2-307.[2]  Safeway countered on the grounds that Safeway and DPI had entered into a written agreement of indemnification, namely, the "CONTINUING COMMODITY GUARANTY

_____

[2] Code § 65.2-307(A) provides that "[t]he rights and remedies herein granted to an employee when his employer and he have accepted the provisions of this title respectively to pay and accept compensation on account of injury or death by accident shall exclude all other rights and remedies of such employee . . . ."

2

AND INDEMNITY AGREEMENT" (the Agreement),[3] and that the

exclusivity provision of the Act does not invalidate an

express indemnification agreement between an employer and a

third party.

The relevant portion of the Agreement states:

[DPI] [d]oes hereby agree to indemnify, defend
and hold [Safeway] harmless from and against any
and all claims, demands, actions and proceedings
which are hereafter made or brought against
[Safeway] by any person, including but not
limited to any employee of [Safeway], for the
recovery of damages for the injury, illness
and/or death of any person or animal, or damage
to property, which is caused or alleged to have
been caused by the handling, shipment, delivery,
consumption or use of any Article shipped or
delivered by [DPI] to [Safeway], including
without limitation any judgment rendered against
or settlement paid by or on behalf of [Safeway]
in any such action and reasonable attorneys' fees
and costs, if any, incurred by or on behalf of
[Safeway] in connection therewith.

The circuit court sustained DPI's plea in bar and

dismissed it from the action with prejudice.  Safeway

appealed.[4]  The sole issue before this Court is whether the

---

[3] An entity known as DPI Halperin Distributing executed
the Agreement.  On brief, DPI denied that the Agreement
applies to it but agreed to assume that it does for the
sole purpose of deciding the issue raised in its plea in
bar and on appeal.  Thus, the question whether DPI is a
party to the Agreement is not before us.

[4] Because the issue presented in DPI's plea in bar is
separate and distinct from the issues in Williams' claim
against Safeway, the circuit court's ruling on the plea in
bar is appealable under the "severable" interest rule.
Maitland v. Allen, 267 Va. 714, 718 n.2, 594 S.E.2d 918,

3

exclusivity provision of the Act invalidates the Agreement between Safeway and DPI.[5]

ANALYSIS

Relying on this Court's decision in VEPCO v. Wilson, 221 Va. 979, 277 S.E.2d 149 (1981), DPI argues on appeal, as it did before the circuit court, that the exclusivity provision of the Act bars any indemnification obligation to Safeway. In VEPCO, two plaintiffs filed actions "seeking damages for personal injuries sustained from a gas main explosion allegedly caused by the concurring negligence of . . . three defendants." Two of the defendants were VEPCO and the plaintiffs' employer, a contractor. Id. at 980, 277 S.E.2d at 149. Both plaintiffs received workers' compensation benefits; thus, the trial court dismissed the claims as to the contractor. Id. VEPCO, however, filed a third-party motion for judgment against the contractor, seeking contribution or indemnity for a portion of whatever amount VEPCO might be obligated to pay to the plaintiffs.

920 n.2 (2004). Subsequent to Safeway's appeal, a jury returned a verdict in favor of Williams and awarded him $350,000 in damages against Safeway. This Court refused Safeway's separate appeal from the judgment of the circuit court in favor of Williams.

[5] Safeway does not challenge on appeal that portion of the circuit court's judgment dismissing its third-party claim for contribution.

4

Id.  The contractor responded with a plea in bar, which the trial court sustained.  Id.

This Court affirmed the trial court's judgment.  Id. at 982, 277 S.E.2d at 150.  Quoting Bartlett v. Roberts Recapping, Inc., 207 Va. 789, 793, 153 S.E.2d 193, 196 (1967), we stated that, "before contribution may be had[,] it is essential that a cause of action by the person injured lie against the alleged wrongdoer from whom contribution is sought."  VEPCO, 221 Va. at 981, 277 S.E.2d at 150.  Although indemnity, unlike contribution, is based on a contractual relationship, we further stated: "What we say here with reference to contribution is equally applicable to indemnity."  Id.  Thus, because the plaintiffs did not have a cause of action against the contractor, we held that VEPCO had no right of contribution or indemnity from the contractor.  Id. at 982, 277 S.E.2d at 150.

Contrary to DPI's argument, our decision in VEPCO is not dispositive of the issue before us.  Safeway argues, and we agree, that there is a critical difference between the facts in VEPCO and those in the present case.  The question of indemnity at issue in VEPCO was necessarily one of implied indemnity as there was no written indemnity agreement between the contractor and VEPCO.

5

Unlike the parties in VEPCO, however, Safeway and DPI entered into an express indemnity agreement.

The purpose of an indemnity agreement is to shift an entire loss to another party.[6] Wallenius Bremen G.m.b.H. v. United States, 409 F.2d 994, 998 (4th Cir. 1969); Quadrangle Dev. Corp. v. Otis Elevator Co., 748 A.2d 432, 435 (D.C. 2000). An express indemnity agreement reflects the " 'loss distribution agreed to by the contracting parties.' " The Goodyear Tire & Rubber Co. v. J.M. Tull Metals Co., 629 So.2d 633, 636 (Ala. 1993) (quoting City of Artesia v. Carter, 610 P.2d 198, 201 (N.M. Ct. App. 1980)). In the context of workers' compensation, the majority of courts considering the same issue now before us have concluded that the exclusivity provisions of their respective workers' compensation statutes do not prohibit the enforcement of an express indemnity agreement by a

---

[6] In contrast, "[t]he right to contribution does not arise out of any express agreement or contract, but is based on broad principles of equity that where two or more persons are subject to a common burden it should be borne equally." Van Winckel v. Carter, 198 Va. 550, 555, 95 S.E.2d 148, 152 (1956). "[T]he law implies a contract between [such persons] to contribute ratably towards the discharge of the obligation." Wiley N. Jackson Co. v. City of Norfolk, 197 Va. 62, 66, 87 S.E.2d 781, 784 (1955). Thus, contribution lies "where two or more persons are liable to pay a claim and one or more of them pays the whole of it, or more than his or her share, the one so paying may generally recover from the others the ratable proportion of the claim that each ought to pay." Id.; see also Code § 8.01-34.

third party against an employer.  Id. at 635; American Fed. Sav. Bank v. County of Washoe, 802 P.2d 1270, 1274 (Nev. 1990); 7 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 121.04 (2004).[7]

> [I]t is generally agreed that a third-party action for contract indemnification from the employer is not an action based upon the employee's injury but rather is an action for reimbursement based upon an expressed contractual obligation between the employer and a third-party plaintiff.  This obligation is independent of any statutory duty the employer may owe an employee.

Cosentino v. A.F. Lusi Constr. Co., 485 A.2d 105, 108 (R.I. 1984); accord Manson-Osberg Co. v. State, 552 P.2d 654, 659 (Alaska 1976).

Here, DPI specifically contracted to indemnify Safeway for certain types of losses.  Enforcing the Agreement between Safeway and DPI is merely enforcing the loss distribution agreed to by them.  See City of Artesia, 610 P.2d at 201.  That loss distribution does not affect either the payment of workers' compensation to an injured employee or the policy of limiting an employer's liability.  Id.  If an employer chooses to depart from that policy and relinquish its statutory protection, it may do so.  Id.

---

[7] For a compilation of cases holding that the exclusivity provisions of workers' compensation statutes do not prohibit the enforcement of express indemnity agreements between an employer and a third party, see Goodyear Tire, 620 So.2d at 635-36.

7

DPI, having done so, is not being subjected to an unexpected liability as an employer. See <u>Bieger v. Consolidation Coal Co.</u>, 650 F. Supp. 1294, 1296-97 (W.D. Va. 1987).

Thus, we conclude that the exclusivity provision of the Act does not invalidate an express indemnity agreement like the one entered into between Safeway and DPI, nor do any provisions of the Act itself prohibit such an agreement.[8]  Accordingly, we hold that the circuit court erred in sustaining DPI's plea in bar.

CONCLUSION

For these reasons, we will reverse the judgment of the circuit court and remand this case for further proceedings.

<u>Reversed and remanded</u>.

---

[8]  The provisions of Code § 65.2-307(B) also allow an employer voluntarily to agree "to pay an employee compensation above and beyond those benefits provided for in the Act."

8