This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NEW MEXICO PUBLIC SCHOOL**
**INSURANCE AUTHORITY,**

      Plaintiff-Appellant,

**and**

**CLOVIS CONSOLIDATED SCHOOL**
**DISTRICT,**

      Plaintiff,

v.                                                                            **No. 29,709**

**NEWT & BUTCH'S ROOFING and**
**SHEET METAL, INC.,**

      Defendant-Appellee.


**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**David P. Reeb, Jr., District Judge**

John S. Stiff & Associates, LLC
J. Douglas Compton
John S. Stiff
Albuquerque, NM

for Appellants

Atwood, Malone, Turner & Sabin, PA
Robert E. Sabin
Roswell, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Plaintiff, New Mexico Public Schools Insurance Authority, filed suit against Newt & Butch's Roofing and Sheet Metal, Inc., alleging that Defendant did a poor job on a roofing contract, and that as a consequence the Insurance Authority paid approximately $125,000 in damages. **[RP 1-3]** The Insurance Authority filed this suit seeking subrogation against the roofing company. **[RP 3]** The court granted summary judgment in favor of Defendant, **[RP 117]** and the Insurance Authority appeals. Our notice proposed to rely on *State ex rel. Regents of N.M. State Univ. v. Siplast, Inc.,* 117 N.M. 738, 877 P.2d 38 (1994), to conclude that there was no right of subrogation. Plaintiff has filed a timely memorandum in opposition. We are not persuaded by Plaintiff's memorandum, and affirm.

**DISCUSSION**

Plaintiff's issues all relate to whether *Siplast* applies and whether summary judgment was appropriate. Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of

law. *See Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. We review these legal questions de novo. *Id.*

The contract, in Sections 11.4.1 and 11.4.7, provided that the school district would get a builder's risk policy covering all parties, and that all parties would waive any right of subrogation. **[RP 42-43]** The roofing company persuaded the court that under *Siplast* there was no right of subrogation, and obtained summary judgment against the Insurance Authority on the subrogation claim. **[RP 117]**

The essential issue in this case has already been decided by our Supreme Court adversely to Plaintiff. *See Siplast,* 117 N.M. at 740-43, 877 P.2d at 40-43. *Siplast* holds that where parties to a construction contract agree to allocate the risk equally by obtaining a builder's risk policy, they may waive their respective rights of subrogation, and the insurance company may not obtain subrogation against an insured. *See id. Siplast* is on all fours, and supports the court's grant of summary judgment.

Plaintiff presents a number of arguments why it contends we should reach a different result from that in *Siplast.* Plaintiff argues that the contract clause waiving subrogation is trumped by New Mexico's anti-indemnity statutes, NMSA 1978, § 56-7-1(A) (2005) and § 56-7-2 (2003). **[DS 6, 10; MIO 1-8]** We disagree. To begin

3

with, Section 56-7-2 expressly deals with agreements concerning gas or water wells, and mines and minerals; it does not apply to the roofing contract involved here.

Turning to Section 56-7-1(A), we are not persuaded that the contract violates this anti-indemnity statute. The concepts of indemnity and subrogation are different. Subrogation is an equitable remedy dealing with who should pay. *See Dairyland Ins. Co. v. Herman,* 1998-NMSC-005, ¶ 24, 124 N.M. 624, 954 P.2d 56 (filed 1997) (stating that subrogation "is an equitable remedy of civil law origin whereby through a supposed succession to the legal rights of another, a loss is put ultimately on that one who in equity and good conscience should pay it."). The purpose of the anti-indemnity statutes is to prohibit a party from absolving itself, through a contract, of its own negligence. *See Sierra v. Garcia,* 106 N.M. 573, 576, 746 P.2d 1105, 1108 (1987). Although these concepts can be related, they are not the same. Here, the parties agreed to spread the risk through a builder's risk insurance policy that would cover all parties, including Defendant. No party attempted to absolve itself of its own negligence. Plaintiff's argument is that if Defendant avails itself of this insurance, then Defendant has illegally sought to avoid liability for its own negligence. The anti-indemnity statutes do not prohibit a party from relying on insurance, and we do not agree that waiver of the parties' respective rights of subrogation is in conflict with the

4

anti-indemnity statutes when the parties agree to rely on comprehensive insurance coverage to cover their respective risks.

Plaintiff claims that whether the contractual agreement runs afoul of our anti-indemnity statutes is an issue of first impression. **[MIO 1]** To the extent this issue was not presented in *Siplast,* we consider Plaintiff's argument to be without merit, and decline to assign this case to our general calendar.

Plaintiff argues that certain factual disputes exist that distinguish this case from *Siplast* and make summary judgment inappropriate. **[MIO 5-6]** We propose to disagree that Plaintiff has demonstrated any genuine issues of material fact or that *Siplast* is distinguishable. On facts that appear to be essentially identical to those in this case, *Siplast* states a clear rule that when parties to a contract agree to obtain a builder's risk policy, and waive their right to subrogation, then the insurance company may not seek subrogation. Plaintiff suggests there are factual disputes regarding the language of the insurance policy, and complains that the terms of the builder's risk policy were not before the court . **[MIO 5-6]** However, the language of the policy is in the record, **[RP 42-43]** and Plaintiff has not contended that there was no builder's risk policy. We believe Defendant made a prima facie case that it was entitled to summary judgment. *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) ("The movant need only make a prima facie showing that he is entitled to

summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits.") (citations omitted). If Plaintiff disagreed with Defendant's reliance on the policy or with Defendant's factual assertions, it had a duty to come forward with evidence countering Defendant's evidence. It did not do so.

We are bound to follow *Siplast*. *See State of N.M. ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶¶ 20, 22, 135 N.M. 375, 89 P.3d 47; *Aguilera v. Palm Harbor Homes, Inc.*, 2002-NMSC-029, ¶ 6, 132 N.M. 715, 54 P.3d 993 (holding that the Court of Appeals is bound by New Mexico Supreme Court precedent). We conclude that Plaintiff has provided no persuasive reason why we should not follow the clear holding of *Siplast*.

For these reasons, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

6

_____

**TIMOTHY L. GARCIA, Judge**