# CIRCUIT COURT OF THE CITY OF HOPEWELL

Sharom Prum

v.

Linde Gas
North America, L.L.C., *et al.*

v.

Four Square
Industrial Constructors, L.L.C.

Case No. CL2014-131

July 6, 2015

By Judge Nathan C. Lee

The Court must decide whether to grant or deny Defendant's motion for leave to file a third-party complaint and whether to grant or deny Plaintiff's motion for separate trials.

### *Facts*

This matter comes before the Court on Defendant's Motion for Leave To File Third-Party Complaint filed April 17, 2015, by Linde, L.L.C., and the subsequent Motion for Separate Trials filed by Plaintiff, Sharom Prum. The Court heard a hearing on the motions on May 27, 2015. The basic facts of the case are as follows.

On April 26, 2012, Plaintiff, Sharom Prum, was injured while working at the Linde Plant in Hopewell, Virginia, which was owned, managed, and/or operated by Defendants Linde Gas North America, L.L.C., Linde North

America, L.L.C., Linde, L.L.C., Linde, Inc., Linde Group, Linde Gas, Inc., and Linde (collectively "Linde"). On that date, Plaintiff was a contractor whose employer, Four Square Industrial Contractors, L.L.C. ("Four Square"), had been hired by Linde to perform work at the Hopewell plant.

In the initial Complaint, Plaintiff alleges he was injured when the plant's lockout/tagout procedure was performed in a negligent manner by Linde employees, which lead to the employees allowing ammonia vapors to flow throw the plant's pipes and into the area where Plaintiff was working. After the accident, the Virginia Occupational Safety and Health Compliance Program ("VOSH") investigated Linde and Four Square regarding the accident, and ultimately found that Linde had committed several safety violations, but that Four Square did not violate any VOSH standards. Plaintiff then filed a worker's compensation claim with Four Square and was awarded benefits under the Virginia Workers' Compensation Act.

In the initial Complaint, Plaintiff alleges Linde is liable for his injuries under the doctrine of *respondeat superior.* In its Amended Answer, Defendant denies Plaintiff's allegations and claims Plaintiff's alleged injuries were proximately caused by persons over whom the defendant had no authority or control. Defendant now seeks leave to file a third-party complaint against Four Square, arguing that Four Square expressly agreed to contractually indemnify Linde for any damages caused by Four Square's performance or failure to perform pursuant to the contract between them, and thus is liable to Linde for all or part of Plaintiff's claim against Linde. Plaintiff argues that Linde cannot join its indemnity action against Four Square in this case because Plaintiff has no independent claim against Four Square.

*Discussion*

Defendant's motion for leave to file a third-party complaint against Four Square is granted.

In the context of a worker's compensation case, the Supreme Court of Virginia has found that where an employee has no cause of action against his employer, an alleged third-party wrongdoer similarly has no right of indemnity against that employer. *VEPCO v. Wilson,* 221 Va. 979, 982, 277 S.E.2d 149, 150 (1981). However, the Court subsequently distinguished *VEPCO,* which involved a question of implied indemnity, from those instances where the parties have entered into an express indemnity agreement. *Safeway, Inc. v. DPI Midatlantic, Inc.,* 270 Va. 285, 290, 619 S.E.2d 76, 79-80 (2005). In *Safeway,* the Court focused on the written indemnity agreement, finding that the worker's compensation statute does not preclude a third party from entering into such an express indemnity agreement with the employer. *Id.* The Court reasoned that an action involving such an agreement is based upon contract law, not upon the employee's injury. As such, the Court further reasoned that enforcing such a

contractual agreement would not interfere with the Act's underlying policy concerns to protect the injured party's right of recovery and the employer's protection from unlimited and unexpected liability. *Id.*

In the instant case, Linde and Four Square have entered into a written indemnity agreement (the "Agreement"), specifically indemnifying Linde for any damages arising in connection with Four Square's employees' performance or failure to perform under the contract between them. The Agreement states:

> Vendor [Four Square] shall indemnify Linde for any damages, whether direct, indirect consequential, special, or incidental, including any costs of litigation (*e.g.*, attorney's fees, discovery costs, etc.) based upon any legal theory, resulting from: (i) any occurrence arising in connection with Vendor's or its employees' or representatives' performance or failure to perform under the Contract, breach of the Contract, violation of any Laws in performing under the Contract, or acts, omissions, or commission of any tort in performing under the Contract. . . . At Linde's request, Vendor shall provide Linde, at Vendor's cost, damages that Vendor is liable for under the previous sentence.

Therefore, because the parties have voluntarily entered into an agreement expressly shifting the loss distribution between them, this Court finds it is appropriate to permit Linde to file a third-party complaint against Four Square.

Additionally, the Court will grant Plaintiff's request for separate trials of Plaintiff's tort claim against Linde and Linde's breach of contract claim against Four Square. Upon the motion of any party, the court may order a separate trial of any third-party claim. Va. Code § 8.01-281(B) (2015). The Court finds it is appropriate in the instant case to separate the tort action between Plaintiff and Linde from the contract action between Linde and Four Square in order to protect all parties and to avoid prejudice, as requiring the parties to present two sets of arguments with two sets of experts and two sets of attorneys in a single trial is likely to confuse the jury. Further, the Court agrees with the parties that it is logical and appropriate to consolidate the two claims for discovery purposes to avoid the unnecessary replication of depositions and written discovery, and thus the imposition of unnecessary additional costs on the parties.

*Conclusion*

Accordingly, for the reasons stated herein, Defendant's motion for leave to file a third-party complaint against Four Square is granted. Plaintiff's motion for separate trials on the tort and contract claims is granted, but the claims will be consolidated for discovery purposes.

July 5, 2016

By Judge W. Allan Sharrett

The Court must decide whether to grant or deny Defendant's Motion for Summary Judgment.

*Facts*

This matter comes before the Court on the Motion for Summary Judgment filed by third-party Defendant Four Square Industrial Constructors ("Four Square"). The Court heard a hearing on the motions on April 1, 2016. The basic facts of the case are as follows.

On April 26, 2012, Plaintiff Sharom Prum, was injured while working at the Linde Plant in Hopewell, Virginia, which was owned, managed, and/ or operated by Defendants Linde Gas North America, L.L.C., Linde North America, L.L.C., Linde L.L.C., Linde, Inc., Linde Group, Linde Gas, Inc., and Linde (collectively "Linde"). On that date, Plaintiff was a contractor whose employer, Four Square, had been hired by Linde to perform work at the Hopewell plant.

In the initial Complaint, Plaintiff alleges he was injured when the plant's lockout/tagout procedure was performed in a negligent manner by Linde employees, permitting ammonia vapors to flow through the plant's pipes into the area where Plaintiff was working. After the accident, the Virginia Occupational Safety and Health Compliance Program ("VOSH") investigated Linde and Four Square, ultimately finding that Linde had committed several safety violations, but that Four Square did not violate any VOSH standards. Plaintiff then filed a workers' compensation claim with Four Square and was awarded benefits under the Virginia Workers' Compensation Act.

In a letter opinion dated July 6, 2015, this Court granted Defendant leave to file a third-party complaint against Four Square. The third-party complaint alleges that Linde is entitled to indemnification against Four Square pursuant to the terms of Purchase Order # 90003318060 (the "Agreement") and, accordingly, asks this Court to enter an Order granting Linde judgment against Four Square. Four Square answered the third-party complaint and moved for summary judgment, arguing there is no valid indemnity agreement between Linde and Four Square and, even if there

is, that indemnity provision is void under Virginia Code § 11-4.1. Linde argues that the motion must fail because New Jersey law controls and, even if Virginia law does apply, the indemnity provision is valid.

*Discussion*

Summary judgment is appropriate when the movant establishes there is no genuine issue of material fact after adopting those facts most favorable to the non-moving party and the moving party is therefore entitled to judgment as a matter of law. *United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299, 301, 440 S.E.2d 902, 903 (1994). When considering a summary judgment motion, this Court must accept "as true those inferences from the facts that are most favorable to the non-moving party, unless the inferences are forced, strained, or contrary to reason." *Klaiber v. Freemason Assocs.*, 266 Va. 478, 484, 587 S.E.2d 555, 558 (2003). In the instant case, third-party Defendant Four Square moves for summary judgment and asks the Court to dismiss the third-party Complaint filed by initial Defendant Linde. The questions for this Court remain questions of law and whether summary judgment is appropriate.

The Court must first decide whether to apply New Jersey or Virginia law to this case. Linde argues that, in deciding whether the indemnity provision in paragraph 9 of the Agreement is valid, this Court should apply New Jersey law pursuant to paragraph 16 of the purchase order, which states:

> New Jersey Law governs all matters pertaining to the validity, construction, and effect of the Contract, without giving effect to any principles or rules of conflict of laws that apply the laws of another jurisdiction. The parties shall bring all claims that arise under the Contract in an appropriate court located in New Jersey....

The Supreme Court of Virginia has affirmed that the parties' choice of substantive law must be applied, so long as there is a reasonable basis for the choice and the law chosen is not contrary to the public policy of the state with greater interest and whose law would otherwise govern. *Paul Bus. Sys., Inc. v. Canon USA, Inc.*, 240 Va 337, 342, 397 S.E.2d 804, 807 (1990). In the instant case, the contract was to be performed in Virginia, where the plant is located and where the defendants reside, and where the litigation that is the subject matter of the contract is pending. However, the parties agreed in writing that New Jersey law would govern. Thus, New Jersey law will govern in this case unless New Jersey's law is contrary to Virginia's public policy. After further analysis of both New Jersey and Virginia's anti-indemnity statutes, the Court finds the New Jersey statute violates Virginia public policy and therefore will apply Virginia law in this case.

Virginia Code § 11-4.1 states:

> Any provision contained in any contract relating to the construction, alteration, repair, or maintenance of a building, structure, or appurtenance thereto . . . or any provision contained in any contract relating to the construction of projects other than buildings by which the contractor performing such work purports to indemnify or hold harmless another party to the contract against liability for damage arising out of bodily injury to persons or damage to property suffered in the course of performance of the contract, caused by or resulting solely from the negligence of such other party or his agents or employees, is against public policy and is void and unenforceable.

Va. Code Ann. § 11-4.1 (2016).

Similarly, the New Jersey anti-indemnity statute states:

> A covenant, promise, agreement, or understanding in, or in connection with or collateral to a contract, agreement or purchase order, relative to [a construction contract], purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents, or employees, is against public policy and is void and unenforceable. . . .

N.J. Stat. Ann. § 2A:40A-1 (2016).

Neither state permits a third-party defendant to indemnify an initial defendant for the initial defendant's sole negligence. However, because New Jersey is a comparative negligence state, New Jersey courts have found that, even in the context of an indemnity agreement in a construction contract, it is not against public policy for the third-party defendant to promise to indemnify the initial defendant for the initial defendant's own negligence as long as the initial defendant is not solely at fault. *Leitao v. Damon G. Douglas Co.*, 301 N.J. Super. 187, 693 A.2d 1209, 1997 N.J. Super. LEXIS 241 (N.J. App. Div. 1997). This runs counter to the law in Virginia, where the Court has found that any indemnification provision in a construction contract that reaches damage caused by an initial defendant's negligence is void, even if the damage does not result solely from the negligence of the initial defendant. *Uniwest v. Amtech Elevator Servs.*, 280 Va. 428, 442, 699 S.E.2d 223, 230 (2010). Thus, under Virginia public policy, a third-party defendant may not indemnify an initial defendant for the initial defendant's own negligence, whether in whole or in part. Under New Jersey law, a third-party defendant may indemnify an initial defendant for the initial defendant's own negligence so long as the initial defendant is not solely negligent. Thus, this Court finds the New Jersey

anti-indemnification statute violates Virginia's public policy, and this Court will apply Virginia law.

The Court must next decide whether paragraph 9 of the Agreement is valid under Va. Code § 11-4.1. A third-party defendant may only indemnify or seek contribution from the initial defendant if the plaintiff has an independent right of action against the third-party defendant, *VEPCO v. Wilson*, 221 Va. 979, 981-82, 277 S.E.2d 149, 150 (1981), unless there is an express indemnity agreement that shifts the loss between the defendants. *Safeway v. DPI Midatlantic*, 270 Va. 285, 290, 619 S.E.2d 76, 79 (2005). However, in Virginia some express indemnification provisions within construction contracts are considered void as a matter of public policy where the provision permits the third-party defendant to indemnify the initial defendant for the initial defendant's own negligence. Va. Code Ann. § 11-4.1 (2016). To determine whether a provision is valid, the trial court must look to the particular language of the provision in question, disregarding surrounding circumstances from which the claim for indemnification arose, and decide whether the language "is so broad that it indemnifies the indemnitee from its own negligence." *Uniwest v. Amtech Elevator Servs.*, 280 Va. 428, 442, 699 S.E.2d 223, 230 (2010).

In the instant case, the relevant contract provision in the Agreement entered into between Four Square and Linde states:

> Vendor [Four Square] shall indemnify Linde for any damages, whether direct, indirect, consequential, special, or incidental, including any costs of litigation (*e.g.*, attorneys fees, discovery costs, etc.) based upon any legal theory, resulting from: (i) any occurrence arising in connection with Vendor's or its employees' or representatives' performance or failure to perform under the Contract, breach of the Contract, violation of any Laws in performing under the Contract, or acts, omissions, or commission of any tort in performing under the Contract. . . . At Linde's request, Vendor shall provide Linde, at Vendor's cost, damages that Vendor is liable for under the previous sentence.

Looking solely at the language of the contract provision and disregarding the surrounding circumstances that gave rise to the indemnification claim, the Court finds the Agreement requires Four Square to indemnify Linde for any damages resulting from Four Square's negligence, but is not so broad as to permit Four Square to indemnify Linde for Linde's own negligence. Therefore, the provision is valid under Virginia law. Whether Linde will actually be able to prove that Four Square was negligent and that Linde is indeed entitled to indemnification is a question for trial.

Accordingly, for the reasons stated herein, third-party Defendant Four Square's Motion for Summary Judgment is denied.